# WINDHAM COUNTY.

## FEBRUARY TERM, 1834,

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
     "    STEPHEN ROYCE, ⎫
     "    JACOB COLLAMER, ⎬ *Assistant Justices.*
     "    JOHN MATTOCKS, ⎭

WINDHAM,
February,
1834.

DANIEL FISHER *vs.* DAVID LEAVITT and ROGER LEAVITT.

*In Chancery.*

A creditor, whose debtor is in jail, and who has levied his execution on land, of which another has legal title, cannot sustain his bill in chancery to compel such third person to pay over to the orator whatever advancements such debtor may have made, *as agent* for such third person, in the erection of buildings on said land ; especially if there be no charge of fraud, and the defendants answer that said advancements have been paid.

Such creditor cannot compel a conveyance to himself, when he makes no allegation of fraud, unless the case be such that his debtor could enforce a conveyance to him-self.

This was a bill in chancery, stating, in substance, that in 1828, David Leavitt purchased in Newfane, in the village of Fayetteville, a certain building lot, and paid for the same with his own money, and that Roger Leavitt received a deed of the same in his name, and still holds the same in trust to the use of David, his brother.—That afterwards, David Leavitt, with his own funds, erected buildings to the value of about one thou-sand dollars on said lot.—That David was indebted to the ora-tor in the sum of four hundred and ninety-seven dollars, and confessed judgment thereon, on which the orator took execu-tion and levied on these premises, and the same not having been redeemed by the payment of the debt, nor possession given, the orator prays for a discovery, as to which there was many charges and interrogatories, and that the defendants be

decreed to pay the debt or convey and surrender the premises to the orator and for general relief.

WINDHAM,
February,
1834.

Fisher
vs.
D. &R. Leavitt.

David Leavitt, in his several answer, denies fully the statements in the bill, except the orator's debt, execution and levy, which he confesses. He further discloses, that he was confined for debt to the liberties of the jail-yard, and expected there to remain some time, while arranging his affairs, and was in want of a house, and at first contemplated purchasing a lot and building thereon with his own means, and proposed to Martin Field to buy of one Jones the Clark lot, and divide that lot equally with a lot between it and the road, belonging to said Field, and let said David have one half thereof; and he gave Jones two dollars to induce him to take what Field offered.— But finding that no course he could take with his own means would secure him a home, he entirely abandoned the project, and applied to Roger Leavitt, who purchased the lot with his own money, and appointed David his agent to build thereon, and fixed on a place; and that whatever he, David, did in said building, was as agent for Roger, who, from time to time, furnished him money to pay therefor; and what he advanced of his own money, was subsequently settled for by Roger, who gave him in the close his note for three hundred and sixty-five dollars, which had been mostly since paid—partly in rent for the place which David had since occupied.—That he had, for his own convenience, made some small additions and repairs to the buildings, which were not settled for.

The several answer of Roger Leavitt is to the same effect, denying all trust, and disclosing he had made these purchases and erections by David, as his agent, and paid therefor with his own funds, to ameliorate the imprisonment of his brother, and to furnish him and his family with a house.

The orator read testimony tending to show, that as early as January or February, 1828, David Leavitt contemplated building a house, and proposed to Martin Field to buy the Clark lot, and divide it as stated in his answer, and paid two dollars to effect that sale from Jones to Field.—That Field took the deed and paid Jones.—That David then proposed to Field to furnish him funds to build a house for said David, and keep the title in himself, while he, David, remained in the prison limits, and settle it when he wanted the house no longer, to go to his creditors on a final adjustment.—That Field however finally

WINDHAM,
February,
1834.

Fisher
vs.
D. &R. Leavitt.

declined so doing, but agreed to deed the one half of the said lot, on being paid therefor a certain price, to whoever said David should direct, as was agreed when he bought of Jones.— That afterwards he deeded to Roger Leavitt, by David's direction, and that all was paid for by David and for his benefit, as said Martin Field supposed. And further testimony tending to show, that said David had proposed also to one William B. Ide to build for him, on being furnished with funds by said David, and hold the house in his own hands, which he also declined, but contracted to build, and did build for said David the house in question; he, David, only acting as agent for Roger, after the contract was settled upon.

The defendants read testimony tending to meet and explain that on the part of the plaintiff, and to reconcile it to the defendants' answers, and show that all the money paid Field was furnished by Roger, of his own funds, and also pay for building the house.

*William C. Bradley and John Phelps, for the orator,* argued—

1st, That from the testimony, the court would be convinced, that the purchase was really with the money of David Leavitt, and Roger held in trust for him; and that this court would lend its aid to enforce a judgment at law, where all available means at law had failed.—*Smith* vs. *Lewis,* 3 Verm. 398.—*Angel* vs. *Draper,* do. 399.—1 East. Ca. Abr. Sec. 14, 77.—*Md.* vs. *Taylor,* 6 Vez. 797.—2 John. Cha. 296. —4 do. do. 455—do. do. do. 676, 687.—20 John. R. 554.

2d, That it fully appeared, even by the answers, that David Leavitt had paid his own money, in part, to make the erections, and this creates a trust for him.—3 Atkins, 371.—Bridgman's Digest, 639, 171.

3d, If the property of David Leavitt has been so mixed with that of Roger Leavitt as that it is difficult to distinguish it, the inconvenience is thrown on him, and the greatest value will be given against him.—*Hart* vs. *Ten Eyck,* 2 John. Cha. R. 108.——— vs. *White,* 15 Vesey Jr. 439, 440.

4th, As it appears David Leavitt advanced his money for the buildings to greater value than the land, and had an interest in the premises of which his creditors should be availed, the defendant must show otherwise than by his own oath a subsequent

settlement or payment, or any facts on which he means to insist, by way of avoidance, which he has not done.—*Hart* vs. *Ten Eyck,* 2 John. Cha. R. 91, in note.

WINDHAM,
*February,*
1834.

Fisher
*vs.*
D. &R. Leavitt.

5th, That this case is within the statute against fraudulent conveyances. RogerLeavitt, by taking a deed of land for David to lay out his funds in building upon, and remain in prison, is a fraud on his creditors. Chancery converts those guilty of fraud into trustees of those who have been injured.—*Brown* vs. *Lynch,* 1 Paige, 147.

6th, If evidence of fraud is not sufficient to set aside wholly, and there are suspicious circumstances, it shall be holden for no more than is actually advanced.—*Boyd* vs. *Dunlap,* 1 John. Cha. R. 478.

*Keyes and Kellogg for defends,* aagued—

1st, The bill charges a purchase and payment of the land by David Leavitt, and a conveyance to Roger, and therefore raises a *trust* in Roger. The answers, responsive to the bill, set forth particularly a purchase and payment by Roger. These answers are not attempted to be met but by the uncorroborated testimony of one witness, which is insufficient.—*Hart* vs. *Ten Eyck,* 2 John. Cha. R. 92.—*Nelson* vs. *Dickinson,* 1 Desau R. 134.—*Lee* vs. *Vaughan,* 1 Bibb R. 235.—*Hughs* vs. *Blake,* 6 Wheaton, 468.—*Walton* vs. *Hobbs,* 2 Atk. 19.

2d, None but a resulting trust can be created by parol. All others are within the statute. A resulting trust can only arise from actual payment of money at the time, or a previous loan for that purpose.—5 John. Cha. R. 1.—2 Paige R. 217. And the proof must be on him who sets it up, and be very clear and conclusive.—2 Bridgman, 621·—6 Wheaton R. 481.—1 Bibb, 609.—1 Vernon, 366.

3d, The bill charges that David Leavitt erected the buildings, &c. The answers, responsive to the bill, set fort that the house was built by Roger, and paid for by him—David acting as his agent. These answers are not, in this respect, contradicted by any but the uncorroborated testimony of one witness, and by him, but by inference. This is insufficient.

4th, No trust can result from the payment of money generally, unless as a definite aliquot part of the purchase money; and after legal title in the land had vested in Roger Leavitt by a deed to him, and a payment with his money therefor, a re-

WINDHAM,
February,
1834.

Fisher
vs.
D. & R. Leavitt.

sulting trust could not afterwards be raised by the application of David's money in improvements so as to divest the estate from Roger Leavitt.—*White* vs. *Carpenter*, 2 Paige R. 24.—*Bottsford* vs. *Burr*, 2 John. Cha. R. 415.—*White* vs. *Carpenter*, 2 Paige R. 238.—*Rogers* vs. *Murray*, 3 do. do. 390.

5th, The bill is entirely destitute of any substantive charge of fraud, and all argument and authority on the ground of fraud is improper.

The opinion of the court was pronounced by

COLLAMER, Chan.—This is a bill to enforce a trust in Roger Leavitt, resulting from the estate having been purchased by David Leavitt, and paid for with his money, and the conveyance taken to Roger. The allegations in the bill must be proved, as they are fully denied by the answers. The testimony and exhibits spread over a large volume, and need not be particularly collated and commented on. The court have examined it with much diligence and care, and find it as easily reconciled with the answers as with the allegations in the bill; and they therefore do not find it proved that the purchase of the land, or the erections thereon, were paid for with the funds of David Leavitt, or made by him in any way but as the agent of Roger, as alleged by the defendants. The two dollars paid by David to Jones, was no part of the purchase money to Field. It did not so make Field trustee as that David could have compelled him to convey, nor does it appear that Roger, to whom Field conveyed, had any notice thereof.

It fully appears, from the testimony, that Roger furnished all the money to pay Field, and the orator fails to show David ever in any way furnished or replaced it; and the motive with which Roger says he was actuated was laudable, that is, to furnish a shelter for his brother's family during his imprisonment.

It is however insisted that inasmuch as the orator needs the assistance of chancery to collect his debt, if David has made any advancements to erect the buildings, even *though done* as the agent of Roger, Roger should be holden as the trustee to that amount, and be decreed to pay it over to the orator. And the orator further insists, that by the answers, it is acknowledged he did advance some four or five hundred dollars for that purpose, which amount the defendants do not *prove* to have been ever settled or repaid, and that it is not sufficient for the defen-

WINDHAM,
February,
1834.

Fisher
vs.
D. &·R. Leavitt.

dants to avoid this merely *by their answers* stating a subsequent settlement or payment.   The defendants insist that their answers are fairly responsive of the charges and interrogatories in the bill, even as to this settlement, and therefore to be taken together.

It does not however become necessary, in this case, to inquire whether this be such subsequent, independent matter in avoidance as has been required to be proved, or whether an answer in chancery, so long as it is responsive to a bill, must be all received together as true.   This may possibly depend on the manner in which the answer comes to be used.   If as matter of *evidence* in law, it must be taken as a whole, like any other matter of concession ; but if it be taken as matter of *pleading* as between the same parties, in the same case, in chancery, in which it is made, it may be like a plea in bar, at law, which confesses the cause of action and insists on matter in bar. In such case the plaintiff rests on the confession, but this does not excuse the defendant from proving his plea.—2 John. Cha. R. 91, note.

But to afford the orator relief on the ground now asked, would be an entire departure from the scope of this bill.

1st. This bill is to enforce a resulting trust in certain land and buildings.   The orator fails to show this land was purchased with David Leavitt's funds, therefore, the land was Roger Leavitt's.   Now if David has advanced money as the agent of Roger towards erections on the land, it most clearly creates no resulting trust in the land to David.   It merely makes Roger the debtor to David to that amount.   This is not a bill to enforce the orator's debt against the debtor of David Leavitt; and if it were, it would not probably be sustained without its being charged and proved either that there was fraud as to David's creditors in the creation of such a debt to him in the hands of Roger, and further that it was a debt liquidated and certain by judgment of law.—*Donevan* vs. *Finn*, 1 Hopkins' R. 59.

2d. This case is wholly destitute of any substantive charge of fraud.   Now, although such as receive property fraudulently may, in some cases, in chancery be considered trustees to those injured, yet this is not a bill containing any such charge. It purports to present no such case ; but only seeks to enforce such a trust as David Leavitt could have himself enforced from Roger, and no such trust is shown to exist.

WINDHAM,
February,
1834.

Fisher
vs.
D. &R. Leavitt.

The circumstances and appearances under which the defendants conducted this business, were unfortunately calculated to lead the orator into a supposition and belief which, even in practical prudence and good faith, produced this application to chancery, and required the explanation given in the answers.—The orator alone ought not to suffer all the expenses to which the imprudence, indiscretion or unfortunate aspect of the defendants' conduct essentially contributed.

Dismissed without cost.