### RUSSELL *against* SLADE and others.

An agreement which *may* be performed within a year, is not required, by the statute of frauds and perjuries, to be in writing ; but to bring the case within that statute, it must appear from the express terms of the agreement, that it is not to be performed within a year.

The legal effect of an agreement that *A* shall labour for *B* during the term of one year, is not that the services of *A* must commence at a reasonable time after the making of such agreement; but *A* has a right to tender his services immediately.

In *assumpsit* upon an executory agreement, where the plaintiff's promise is the consideration for the undertaking of the defendant, the declaration must allege the plaintiff's promise, explicitly and expressly.

Therefore, where the declaration in such action stated, that in consideration that the plaintiff, at the special instance and request of the defendant, *would* labour for the defendant one year, the defendant promised, &c. ; and there was no averment that the plaintiff had performed such labour, either wholly or partially ; it was held, that the words "*would* labour," did not import a *promise* to labour, and the declaration was insufficient.

Such defect is not cured by verdict.

THIS was an action of *assumpsit*. The declaration stated, That on the 24th of *June*, 1834, in consideration that the plaintiff, at the special instance and request of the defendants, would labour for the defendants in their woollen manufactory in *Norfolk*, in the business of spinning, assorting and carding wool, as the defendants might direct, from time to time, during the term of one year then to commence, they, the defendants, promised the plaintiff to pay to him, for said service, the sum of one dollar *per* day, during said term, and also to furnish him, the plaintiff, labour at said manufactory, in the employment aforesaid, every day during the said term, or to pay him therefor, at the rate aforesaid, for each and every day the defendants neglected to furnish the same; yet the defendants, not regarding their said promise and undertaking, did not, though often requested, furnish employment to the plaintiff, at their said manufactory, at the labour aforesaid, but wholly neglected and refused so to do; and although the plaintiff, on the said 24th of *June*, offered and tendered himself as ready and willing to perform said services, yet the defendants did not accept the services of the plaintiff so offered and tendered as aforesaid, but wholly neglected and refused so to do.

The cause was tried, on the general issue, at *Litchfield*, *August* term, 1837, before *Bissell*, J.

On the trial, the plaintiff introduced witnesses, who testified, that *Lawrence* and *Fenn*, two of the defendants, acknowledged, that the defendants and the plaintiff, on the 24th of *June*, 1834, agreed, that the plaintiff should labour for the defendants in the employment specified in the plaintiff's declaration for the period of one year, for the compensation of one dollar *per* day for the plaintiff's services during that period. It did not appear from the evidence, that the parties fixed, by express agreement, upon any precise day, when the services were to commence. The defendants claimed, that this testimony—which was the only evidence offered by the plaintiff to prove the contract set forth in his declaration—did not support the declaration, and ought not to go to the jury, first, because the contract so proved was within the statute of frauds and perjuries, as it was not to be performed within a year; and secondly, that there was a fatal variance between the contract declared on and the contract proved, in this, *viz.* that by the former, the plaintiff's services were to commence immediately, whereas

by the latter, they were to commence in a reasonable time afterwards. The plaintiff claimed to have proved a hiring for a year generally; and that no time was fixed upon, by any express agreement, when his services were to commence.

*Litchfield,* *June, 1838.*

Russell
*v.*
Slade.

The court decided and instructed the jury, that if no future time was fixed upon for the commencement of the plaintiff's services, and nothing was said upon the subject, the legal effect of the contract would be, that the services might commence immediately, and that the case would not be within the statute; neither would there be any variance between the contract stated and the one proved.

The jury returned a verdict for the plaintiff; and the defendants moved for a new trial for a misdirection. They also moved in arrest of judgment for the insufficiency of the declaration. Both these motions were reserved for the consideration and advice of this court.

*T. Smith* and *Seymour,* in support of the motions, contended, 1. That the declaration was insufficient.

In the first place, no sufficient consideration for the defendants' promise is stated; as it does not appear that the plaintiff promised to perform the labour, or came under any obligation to perform it. The words "would labour," do not import a promise or any obligation to labour. Where the plaintiff has *performed* on his part, either fully or partially, a promise by him need not be set out; but where the contract is *executory* on both sides, it must appear that the plaintiff promised, otherwise there is no consideration for the defendant's promise. 2 *Sw. Dig.* 559. 560. 2 *Chitt. Plead.* 113. 109. 117. 126. 159, 160. (*Phil.* ed. 1825.) *Bracegirdle* v. *Hurd,* 1 *Barn. & Ald.* 723. *White* v. *Wilson,* 2 *Bos. & Pul.* 116. *Callo* v. *Brouncker,* 4 *Car. & Payne,* 518. (19 *Serg. & Lowb.* 504.) *Fawcett* v. *Cash,* 5 *Barn. & Adol.* 904. (27 *Serg. & Lowb.* 232.) In this declaration there is no averment of performance, or readiness to perform, on the part of the plaintiff.

Secondly, the declaration shews no breach of the contract. It does not deny that the plaintiff was *paid* according to the contract—only that he was not furnished with employment. What if he was not? He was still to be paid; and if paid, he has no cause of action. If the contract was in the alternative, both branches of the alternative must be negated. *Com.*

Dig. tit. Pleader C. 47.    1 *Chitt. Plead.* 327.    *Esp. Dig.* 300, cites 1 *Leon.* 250.

Thirdly, these defects are not cured by verdict.    *Rushton* v. *Aspinall, Doug.* 679.    1 *Chitt. Plead.* 329.

2. That the jury were misdirected.

First, the case is within the statute of frauds and perjuries. The defendants had a right to a *reasonable time* to procure materials, &c. ; and the plaintiff was under no obligation to commence the service until a reasonable time after request. Even if the stipulation had been express that performance should commence immediately, the plaintiff would have been entitled to a reasonable time.    At any rate, performance by the plaintiff could not commence until the day after the contract was made.    But in computing the time in reference to the statute, the day on which the contract was made, must be included.    1 *Sw. Dig.* 228.    This was, therefore, a contract not to be performed within a year from the making thereof.

Secondly, there is a material variance between the contract alleged and the contract proved.    The legal construction of the contract proved, is, that the plaintiff's services might commence within a reasonable time after the making of it ; whereas the legal construction of the declaration is, that such services were to commence *immediately* on the making of the contract. *Curley* v. *Dean*, 4 *Conn. Rep.* 259. 265.

*L. Church*, contra, contended, 1. That the declaration is sufficient.    In the first place, the consideration of the defendants' promise, is stated in technical language and according to approved forms.    The legal import of the averment, that "the plaintiff *would* labour for the defendants," is, that he assumed the obligation of doing so ; and if so, this is, undoubtedly, a good consideration for the defendants' promise.    In *Peters* v. *Opie*, 2 *Saund.* 346. the consideration of the defendant's undertaking is thus stated in the first count : " In consideration that the said *Stephen*, at the special instance of the said *Richard*, *would* build and erect for the said *Richard*," &c. ; and although there was a motion in arrest of judgment for the insufficiency of the second count, neither counsel nor court seem to have supposed, that the first was bad.    If it had been, the judgment must have been arrested ; for the verdict was general ; and if either count was bad, it could not be sustained.    So

in *Ball* v. *Peake*, 1 *Sid.* 13. the declaration stated, that the defendant, "in consideration the plaintiff *would* pay him a certain sum of money, promised," &c.; and though there was a motion in arrest, on another ground, no exception was taken to this part of the declaration, and judgment was rendered on the verdict. See 2 *Saund.* 352. note 3. by *Williams.* In *White* v. *Wilson*, 2 *Bos. & Pul.* 116. the declaration stated, that "in consideration that the plaintiff, at the instance, &c. *would* enter himself and serve," &c. In the late case of *Callo* v. *Brouncker*, 4 *Carr. & Payne*, 518. the declaration stated, in the second count, that "in consideration that the plaintiff, at the special instance, &c. *would* enter into and continue in her service," &c. In the still later case of *Fawcett* v. *Cash*, 5 *Barn. & Adol.* 904. the declaration stated, that "in consideration that the plaintiff, at the request, &c. *would* enter into his employ," &c. And in none of these cases, though they were all contested, was it claimed by the defendant's counsel, or intimated by any judge, that the declaration was bad, because the consideration of the defendant's undertaking was not properly stated. The form given by *Chitty* is the same: "that in consideration that the said *A. B.*, at the special instance, &c. *would* become and be the servant," &c. 3 *Chitt. Plead.* 154. (*Phil.* ed. 1821.)

Secondly, where the consideration of the defendant's promise to pay, is the plaintiff's promise to perform, as in this case, no averment of performance need be made, and of course, no averment of a readiness to perform; for it is the *promise* to perform, and not the performance, or readiness to perform, that constitutes the consideration of the defendant's promise; and nothing need be stated, except the promise, the consideration, and the breach. 1 *Chitt. Plead.* 296, 7. (*Phil.* ed. 1825.) But in this case, the plaintiff has gone further than the rules of pleading require, and has averred a readiness to perform, at a particular time, and a refusal, on the defendants' part, to receive or employ him.

Thirdly, the breach assigned is co-extensive with the import and effect of the defendants' undertaking; which is sufficient. 1 *Chitt. Plead.* 325. (*Phil.* ed. 1825.)

Fourthly, if these defects exist, they are cured by verdict. 1 *Chitt. Plead.* 404. (*Phil.* ed. 1825.) *Ward* v. *Harris*, 2 *Bos. & Pul.* 265. 1 *Saund.* 228. *b.* 228. *c. in notis.*

*Litchfield,*
*June, 1838.*

Russell
*v.*
Slade.

2. That the contract is not within the statute of frauds and perjuries. The rule is, that unless it appears from the contract itself that it is *not* to be performed until after the expiration of the year, it need not be in writing. *Fenton* v. *Emblers,* 3 *Burr.* 1278. 1281. *Moore* v. *Fox,* 10 *Johns. Rep.* 244. *Lower* v. *Winters,* 7 *Cowen,* 263. *McLees* v. *Hale* & al. 10 *Wend.* 426. There can be no pretence that any such stipulation is contained in this contract. But aside from this, it is a rule, that when money is to be paid generally, it is payable immediately ; and when a collateral thing is to be done, and no time is specified, one party can tender and the other require performance immediately ; consequently, performance in this case might have been commenced the moment the contract was closed, and have been completed within the year.

BISSELL, J. 1. In regard to that branch of the statute of frauds, upon which the question in this case arises, the rule is certainly well settled, that unless it appears, that the agreement is not to be performed until after the expiration of a year, it need not be in writing. Thus, if it be on a contingency that may happen within the year, but which does not actually happen until after its expiration ; the agreement has been held not to be within the statute. *Anon.* 1 *Salk.* 280. *Smith* v. *Westall,* 1 *Ld. Raym.* 316. *Fenton* v. *Emblers,* 3 *Burr.* 1278.

So also it has been repeatedly adjudged, that unless it appear *from the agreement itself,* that it is *not* to be performed within a year, the statute does not apply. In the case cited from *Burrow,* Mr. Justice *Dennison* thus lays down the rule : " The statute of frauds plainly means an agreement *not* to be performed within the space of a year, and *expressly* and *specifically* so agreed. A *contingency* is *not* within it ; nor any case that *depends upon contingency.* It does *not* extend to cases where the thing only *may* be performed within the year." 3 *Burr.* 1281.

The same rule, substantially, is asserted, by the supreme court of the state of *New-York,* in the case of *Moore* v. *Fox,* 10 *Johns. Rep.* 244. The court there say : " To bring the case within the statute of frauds there must be an *express agreement,* not to be performed within the space of a year."

See also *Lower* v. *Winters,* 7 *Cow.* 263. *McLees* v. *Hale* & al. 10 *Wend.* 426.

The case of *Boydell* v. *Drummond,* 11 *East* 142. does not conflict with these authorities ; but obviously proceeds upon the same general principle : for there it was the manifest understanding of the parties, that the contract was not to be *completed* within a year ; although it might, and in fact was, in part performed, within that time.

Now, it will be readily conceded, that the agreement before us *might* have been performed within the year, and so would not be within the statute, if the plaintiff's services *might* have commenced immediately upon the making of the contract. There was no stipulation as to any future time ; nor was there any thing, in the nature of the contract, which forbad an immediate tender of the plaintiff's services. The jury were told, that under these circumstances, the services *might,* and they have found they *were* to commence immediately.

It is, however, claimed, that the legal effect of the contract was, that the services *might not* so commence, but *must* commence at some future reasonable time. No case has been cited in support of this position ; and we know of no principle on which it can be rested. An agreement to pay money *generally,* is an agreement to pay it *immediately. Bacon* v. *Page* 1 *Conn. Rep.* 404. And we suppose the rule to be equally well settled, that where there is an agreement to do any collateral thing, the one party may *tender,* and the other may *require,* an immediate performance.

In *Williams* v. *Jones,* 5 *Barn. & Ald.* 108. an attorney had entered into a written contract, whereby he agreed to take into partnership, in the business of an attorney, a person who had not, at that time, been admitted. No time was expressly fixed for the commencement of the partnership. And it was held, that no time being expressly appointed, the partnership commenced *from the date of the agreement ;* that it was an agreement for a *present* partnership ; and that parol evidence could not be received to prove that the agreement was not to take effect until the person had been duly admitted. *Best,* C. J., says : " The declaration in this case describes the contract as forming a partnership to commence *in praesenti, and the agreement corresponds with the description given in the declaration." Holroyd,* J. says : " Whatever may have been

*Litchfield,*
June, 1838.

Russell
*v.*
Slade.

the intent of the parties, which I collect to have been that the instrument should take effect immediately, *at all events, the law gives it that effect, no time for its commencement being mentioned in the instrument."*

This case is entirely decisive of the present; and clearly proves, that the plaintiff's services might have commenced immediately, and so the entire contract have been performed within the year.    We are clearly of this opinion, not only on the authority of the case last cited, but in conformity to principles, which are well settled, in analogous cases.

This view of the case, it will at once be seen, disposes of the question of variance.    The contract was declared on, according to its legal effect.

The ruling on the circuit was, therefore, right; and the motion for a new trial must be denied.

2. A motion in arrest of judgment, for the insufficiency of the declaration, was filed in the superior court; and the questions arising thereon, were reserved for our advice.    The objection, coming in this stage of the case, is certainly entitled to no favour; and we have accordingly examined the declaration, with some anxiety to sustain it, if possible ; and to give to the plaintiff the benefit of his verdict.    But we are constrained to yield to the claims of the defendants' counsel, and to hold this declaration to be insufficient.

The pleader has manifestly undertaken to declare upon an executory contract, and to make the plaintiff's promise the consideration for the undertaking of the defendants'.    Has he then stated a promise by the plaintiff?    If not, the promise of the defendants is clearly void, for want of consideration.    It is true, that where the plaintiff has performed, on his part, either wholly or partially, a promise *by him* need not be set out. The performance is the consideration.    But where no performance is averred—where the agreement is wholly executory—where there is merely promise for promise; it is very clear, that unless the plaintiff show a valid promise *by him,* he shows no ground of action.    The engagement is all on one side ; and therefore, *nudum pactum.*

Now, in the declaration before us, it is alleged, that *in consideration* that the plaintiff, at the special instance and request of the defendants, *would labour* for them, for one year, they, the defendants, promised, &c., and there is no averment

Litchfield,
June, 1838.

Russell
v.
Slade.

that the plaintiff *did labour,* &c. Does, then, this naked averment import an undertaking to perform the labour, *by the plaintiff?* So far from it, it does not even imply a willingness on his part, but merely a proposition, by the defendants, that *if he would labour, they would pay.* There is no precedent of a declaration like this. We do not mean, that an allegation, like the present, is uncommon; but when adopted, it is uniformly followed by an averment of performance, or part performance, on the part of the plaintiff. And so are all the authorities. *Callo* v. *Brouncker,* 4 *Car. & Payne,* 518. *White* v. *Wilson,* 2 *Bos. & Pul.* 116. *Fawcett* v. *Cash,* 5 *Barn. & Ald.* 904. *Peeters* v. *Opie,* 2 *Saund.* 350. and note 3. *p.* 352. *Lent* & al. v. *Padelford,* 10 *Mass. Rep.* 230. 2 *Chitt. Plead.* 84. & seq.

The authorities also are full to show, that this declaration cannot be sustained. *Lea* v. *Welch,* 2 *Ld. Raym.* 1516. *Law* v. *Sanders, Cro. Eliz.* 913.

This view of the case renders it unnecessary to consider the other objections that have been taken to the declaration.

It has, however, been strongly insisted, that the defects in the declaration, if any, are cured by verdict.

On this subject the rule is well settled, that where the plaintiff has stated his title or ground of action defectively or inaccurately, there the defect will be aided; as all the circumstances necessary to *complete* the title, will be presumed to have been proved on the trial: but that where he totally omits to state his title or cause of action, it need not be proved on the trial, and there is no room for presumption. Such a defect, therefore, will not be aided. *Rushton* v. *Aspinall, Doug.* 679. *Spieres* v. *Parker,* 1 *Term Rep.* 145. 1 *Saund.* 228. n. 1. and the cases there cited.

The application of the rule to the case before us, is too obvious to require any comment; and the result is, that we must advise the superior court that the declaration is insufficient.

In this opinion the other Judges concurred.

Declaration insufficient.