By the Court, Bronson, J.
When, by its terms, the agree ment is not to be performed within one year from the time it is made, it must be in writing or it will be void, (2 R. 8 *130 135, § 2 ; Lower v. Winters, 7 Cowen, 263.) But if the agreement be such that the time for performance may, although it is highly improbable that it will, arrive within a year, the case is not within the statute. (Fenton v. Emblers, 3 Burr. 1278 ; Moore v. Fox, 10 John. R. 244 ; M’Lees v. Hale, 10 Wend. 426 ; Plimpton v. Curtiss, 15 id. 336 ; Wells v. Horton, 4 Bing. 40.) (a) Although the performance is to begin, and does in fact commence within the year, yet if the contract is not to be completely executed within that period, the case is within the statute. Part performance within the year will not render the contract valid. (Boydell v. Drummond, 11 East, 142 ; Bracegirdle v. Heald, 1 Barn. & Aid. 722 ; Birch v. Liverpool, 9 Barn. & Cress. 392.) (b) But the party who refuses to go on with the contract after having derived a benefit by a part performance, must pay for what he has received. *131 (Mavor v. Pyne, 3 Bing. 285.) (c) Whether in such a case the plaintiff will recover at the rate of compensation provided for by the agreement, or as upon a quantum meruit or quantum valebat, it is not now necessary to inquire.(d)
As I understand the agreement in this case, the colt was not to be delivered to the plaintiff until it was at the least four, and perhaps six months old. This added to the eleven months for gestation would make the whole period which was to elapse before the contract could be completely executed, fifteen or seventeen months. It appears, then, that by the terms of the agreement, it was not to be performed within a year, and the fact of a part performance within that time will not aid the case. Although no time was specified for the payment of the money by the plaintiff, it was I think payable at the time the colt was to be delivered, and not before; and so on neither side was there to be a complete performance within the year.
As the defendant refused to go on with the agreement after he had derived a partial benefit under it, he must pay for the use of the horse - but as the contract was void, the plaintiff *132 acquired no title to the colts, and the court below erred in allowing him to recover. It is of course unnecessary to examine the other questions made by the bill of exceptions.
Judgment reversed.

 See also Blake v. Cole, (22 Pick. 97, 99 to 101 ;) Derby v. Phelps, (2 N. Ramp. Rep. 515, 516 ;) Kent v. Kent, (18 Pick. 569 ;) Linsott v. McIntyre, (3 Shepl. 201.) But see the observations of Rcdfield, J. in Hinckley v. Southgate, (4 Perm. Pep. 423,430.) The doctrine advanced in the text is forcibly illustrated by a recent case in Connecticut, which was this: On the 24th of June, 1834, the plaintiff entered into a parol contract to labor at a factory one year for the defendants ; the latter to pay for the services a dollar per day, and furnish the plaintiff with employment during that time. It did not appear from the evidence that the parties expressly fixed upon any precise day when the services were to commence; and, in an action for a breach in not furnishing the plaintiff with labor &c., it was objected that the contract was void because not to be performed within a year. The court, however, held, that the plaintiff had a legal right to commence performance immediately upon the making of the contract, and therefore as from its nature it might be completely executed within a year, the statute of frauds did not apply. (Russell v. Slade, 12 Conn. Rep. 455.)

 See Hinckley v. Southgate, (11 Perm. Rep. 428 ;) Bulkley v. Whipple, (1 id. 69 ;) Foote f Stone v. Emerson, (10 id. 338 ;) Pitcher v. Wilson, (5 Missou. Rep. 46, 48 ;) Blanton v. Knox, (3 id. 342 ;) Drummond v. Burrell, (13 Wend. 307 ;) Dorr v. Shute, (5 id. 204 ;) Cabot v. Haskins, (3 Pick. 83, 94, 5 ;) Holbrook v. Armstrong, (1 Fairf. 31, 40, 1.) The circumstance that the contract is one which from its nature may be and is lawfully annulled or put an end to within the year, will not take it out of the statute of frauds, if, by its terms, performance be postponed till after that period. (Harris v. Porter, 2 Harringt. Rep. 27.)

 See per Parris, J. in Holbrook v. Armstrong, (1 Fairf. Rep. 31, 41 ;) also Kidder v. Hunt, (1 Pick. Rep. 328 ;) Lane v. Shackleford, (5 N. Hamp. Rep. 133.) Quere, whether in such case he can sue for what the other party has received from him byway of part performance. In Vermont, held, that if A. agree by parol to serve B. for three years for a stipulated compensation, and afterwards voluntarily leave the service, he cannot recover of B. for the value of his service. (Philbrook v. Belknap, 6 Verm. Rep. 333.) So, semble, as to goods delivered in part execution of an oral contract not to be fully performed within a year, which the one delivering them afterwards refuses to perform. (Foote & Stone v. Emer. son, 10 Venn. Rep. 383.) These cases proceed on the ground that the statute of frauds of that state does not render the contract void, but only prohibits a suit upon it; and that it may be used therefore by way of defence or protection. (And see Stone v. Dennison, 13 Pick. 1, 4, 5.) Our old statute, (1 R. L. 78, §11,) was probably the same in its phraseology in this respect as that of Vermont ; and yet, in Shute v. Dorr, (5 Wend. 204,) it was regarded as rendering the contract an entire nullity, even for the purposes of defence. Our present statute pronounces the contract “ void.” (2 R. S. 135, § 2.)

 See King v. Brown, (2 Hill, 485 ;) Schieffelin v. Carpenter, (15 Wend. 400, 405, 6 ;) Philbrook v. Belknap, (6 Verm. Rep. 383, 386, 7 ;) Stone v. Dennison, (13 Pick. I.)