†J. F. MOLITOR v. STATE OF OHIO.

1. ACTS OF DE FACTO OFFICERS AS BINDING AS IF DE JURE, WHEN QUESTIONED COLLATTERLY.

A temporary police judge appointed by the mayor under sec. 1802 Rev. Stat., having tried
a case, the accused objecting that the statute was not constitutional, and the appoint-
ment therefore invalid. Held: this raises the question collaterally and not directly,
because the officer himself is not a party to it, and that the judgment is therefore
valid, for he is at least an officer *de facto*, and his acts, when questioned collaterally,
are as binding as those of an officer *de jure*.

2. RIGHT OF ACCUSED TO BE PRESENT AT DRAWING OF JURY

A city ordinance provided that a jury should be drawn from the wheel, in the presence
of the accused, if he so desire, and also that persons so drawn could be required
to serve in other cases during the term. Held: The right of the accused to be pres-
ent at the drawing of the jury did not apply to jurors so at the service of the court,
but only to those drawn to fill up.

3. ISSUING A WARRANT IS A MINISTERIAL ACT, AND MAY BE PERFORMED BY THE CLERK.

Issuing a warrant is a ministerial, and not a judicial act, though the constitution says it
shall be issued only on "probable cause." Sec. 1804 Rev. Stat., providing that the
clerk may issue a warrant, is, therefore, constitutional.

Error to the Court of Common Pleas of Cuyahoga county.

CALDWELL, J.

The plaintiff in error was charged in the police court, under the Dow law,
with keeping his place where he sold liquors during week days open on Sunday
with intent to sell. He was tried, convicted and sentenced in the police court,
and thereupon he prosecuted error ·in the court of common pleas, wherein he
averred there was error.

1.   In that the warrant for his arrest was not issued by the acting judge, but
was issued by the clerk of the court, and that sec. 1804, authorizing the clerk to
issue the warrant, is unconstitutional.

2.   That the court erred in permitting jurors drawn in another case to sit
in his case, against his objection, after he had requested that he might be present
and witness the drawing of the jury by which he was to be tried, and that seven
of the persons composing the jury that tried him were placed on the jury without
his being permitted to see their names drawn from the box or wheel.

3.   That the judge of said court erred in ruling and holding in said case
that he was a judge duly appointed and qualified to sit in the trial of said cause,
and that the statute under which he was appointed is constitutional.

4.   That the court erred in its charge to the jury wherein it defined to the
jury what is meant by "reasonable doubt," and also as to what is meant by de-
fendant keeping his place of business open.

The court of common pleas found no error in said case, affirmed the judg-
ment, and remanded the cause. Now the plaintiff in error prosecutes error to
this court, wherein he claims said court of common pleas erred in its ruling in
said case. This makes it necessary to decide the law involved in the foregoing
allegations of error.

1.   Is sec. 1804, Rev. Stat. 1880, unconstitutional? That section gives
power to the clerk of the police court, when an affidavit is filed with him charg-
ing any person with the commission of an offense, to issue a warrant under the
seal of the court for the arrest of the accused. It is claimed this violates the
Fourth Amendment of the constitution of the U. S., and also sec. 4, article 1, of
the constitution of Ohio. They provide that warrants shall issue only upon
probable cause, and it is contended that determining "probable cause" is a judi-

†This judgment was affirmed by the· supreme court on authority of *ex parte* Strang,
·21 Ohio St. 610., February 28, 1893, no report.

cial act, and not a ministerial act, and hence it is unconstitutional to devolve that duty upon a ministerial officer. This claim cannot be sustained, because issuing a warrant in a case like this is a ministerial act. Place v. Taylor, 22 O. S., 317; State ex rel v. Burgoyne, 7 O. S., 153; Duncker v. Salomon, 21 Wis., 621.

An act is none the less ministerial because the person performing it may have to satisfy himself of certain facts before his duty can be performed. Ray v. City, 90 Ind., 572; 17 Ind., 169; 3 Conn., 107; 12 Conn., 463.

2. Did the court err in permitting seven jurors to sit in the case who had been theretofore drawn to sit in another case? By the court ruling that these seven jurors were competent to sit in the case, the plaintiff in error was deprived of being present when their names were drawn.

Sec. 1798 provides that the jurors of the police court shall be selected, summoned and impaneled in accordance with an ordinance of the council, or if no such ordinance is in force, in accordance with a rule of the court. Section 733 of the city ordinances provides, that whenever the clerk shall be directed by the court to cause to be summoned any number of persons as jurors in said court, he shall at once, in the presence of the judge and an officer of the force, not lower in rank than lieutenant, and in the presence of such person interested in the cause for which the jury is drawn, as may desire to be present, proceed to turn the wheel until the pieces of paper are thoroughly mixed, and he shall then, in the presence of said persons, draw from said wheel, one by one, the number of names specified in the order, etc.

Sec. 735 provides that jurors thus drawn, etc., for the trial of any cause, may be required to serve as jurors in the trial of any other cause during the term at which they are summoned, etc.

The meaning of these sections is clear. The court may have, when a case is to be tried, jurors, six, seven, or any number less than a full jury, who have been drawn according to sec. 733; he may then have drawn for that cause any number of names to complete a jury, and a party interested would be entitled to be present at the drawing of those names, but by sec. 735 it appears that he is not expected to be present when the jurors were drawn who were at the service of the court when jurors are drawn to complete the jury for his case. There was, then, no error in the procuring of the jury.

3. We see no error in the charge of the court. The phrase, "reasonable doubt," as defined by the court, was not in the phraseology of the books, but was clear, and was as favorable to the plaintiff in error as the definition given generally by the courts.

The charge as to what is a closing of his place of business is the same in substance as that recently approved by the supreme court of Ohio.

4. The question most urged as error on the hearing of this case is the one as to the constitutionality of the appointment of the judge before whom the case was tried in the police court.

Sec. 1802 Rev. Stat., is as follows: "During the absence, inability or disability of the judge, the mayor may hold the court, or he may select for the purpose a reputable member of the bar, or a justice of the peace residing within the city, who shall have the jurisdiction and powers conferred upon judges of police courts, be styled acting police judge, and, as such, sign all process and records during the time he shall serve, and perform all other acts pertaining to the office," etc.

Under this law the mayor of the city appointed C. W. Coates to hold the court, and as he was proceeding to hear this case, the question was in various ways raised for his decision as to whether he was a judge; as to whether he had any jurisdiction as a judge to try or sentence the accused. It is now urged that the court of common pleas erred in sustaining the holdings of C. W. Coates, that he was the lawfully "acting police judge," and had jurisdiction to preside as such at said trial; and it is urged that said statute is contrary to sections 10 and 13 of art. IV. of the constitution of Ohio. The court of common pleas held that the provisions of the constitution have no application to casual, temporary absences and appointments to serve only a short time as judge. This may be, as it has been urged, a very poor reason for holding that C. W. Coates was qualified to sit as a judge in said case. Yet, if the conclusion is right, we should sustain

it, even if the court below gave a very poor and erroneous reason for his conclusion. In *Ex parte* Strang, 21 O. S., 610, the supreme court had this same statute under consideration. It held: "The acts of an officer *de facto*, when questioned collaterally, are as binding as those of an officer *de jure*." Mr. Coates was a judge *de facto* according to this decision of the supreme court. If his right to sit as judge has been questioned collaterally, then an attempt was made to raise a question that could not be thus raised. In *ex parte* Strang, *supra*, the question arose by way of petition in a proceeding in *habeas corpus* setting up that the judge who tried the cause and rendered the judgment in the original proceedings was no judge. Here, then, the attack upon the judge was not in a case being tried before him, but in a case which attacked the judgment of a case tried by him.

In the case before the court the question is raised in the original proceedings. It is claimed the attack in the former case was collateral, while in the latter the attack is original or direct, and not collateral. In *ex parte* Strang, the court's opinion says, pages 615 and 616: "If the acting judge, as he is styled, was a judge *de facto*, his judgments would be as unquestionable, in the collateral proceeding of *habeas corpus*, as if he were a judge *de jure*."

Again, on page 618, where the court is assigning reasons why the decree is not void even if it is admitted that the judge was not legally appointed, is this language: "No objections were made to his authority at the time the decree was made." Again, on page 619, the opinion refers to 14 Wis., 164, and to 17 Wis., 521, with approval, while the former was a proceeding in *quo warranto*, wherein an acting judge was held to be no judge, and in the latter case the authority of the judge was drawn in question, collaterally, in a proceeding in *habeas corpus*, and he was held to be a judge *de facto*, and as to whether he was a judge *de jure* could not be tried in a collateral proceeding. From this it is urged that the supreme court has said, or, at least, it may be inferred from what the court has said, that the authority of the judge may be put in issue as it is attempted to be done in this case. We do not think the court, in *ex parte* Strang, *supra*, undertook to define in what kind of a case or issue the character of the officer may be tried any farther than to say it could not be done collaterally. Every issue raising the question is collateral unless the officer himself is in some way a party to the action. It must, as a general rule, be tried in an action of *quo warranto* against the officer. If the officer should sue for his salary, or services, the question might be raised by answer. Meacham on Public Officers, sec. 330; 17 Conn., 585; s. c., 44 Am. Dec., 574; 41 Mich., 499; 22 Mich., 439; 28 Ind., 181; State v. Alling, 12 O., 16; State v. Jacobs, 17 O., 143; Ehrman v. Insurance Co., 35 O. S., 324; Chamberlain v. Railroad Co., 15 O. S., 225-250; Presbyterian Soc. v. Smithers, 12 O. S., 248; 29 Pa. St., 129-137; 24 Wend., 520; 122 Mass., 445; 86 Ill., 283; 38 Conn., 449.

There is no authority to the contrary that we have seen. This being the law, then, it follows that this was not a case in which the question could be tried; for instead of Esq. Coates being a party to this action, he was the judge before whom it was proposed to try the question as to whether or not he was a judge. The case, then, is the same as *ex parte* Strang, *supra*, and must be disposed of the same way. The judgment is affirmed.

BALDWIN, J.:

"I join in the opinion just delivered, but wish to say that I acquiesce on the decided weight of authority, and not on the weight of reason, in so much of it as decides that a defendant in a criminal case, who objects at the outset and all the time, may not then and on error have the right to be heard upon the claim that the person acting as judge in trying him, has no right at all to sit upon the trial, because the statute under which he acts and his appointment thereunder is contrary to the express words of the constitution, and is void.

"Chief Justice UPSON asks me to say that he joins me in this statement."

Hessenmueller & Bemis, for plaintiff in error.

T. K. Dissette, for defendant in error.