Nov. Term,
1855.

THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.
V.
CONNELLY.

*B. W. Wilson* and *S. A. Bonner*, for the appellant.
*J. S. Scobey* and *W. Cumback*, for the appellee.

---

THE NEW-ALBANY AND SALEM RAILROAD COMPANY *v.* CONNELLY.

The charter of the *New-Albany and Salem Railroad Company* provides, substantially, that the proprietor of land proposed to be taken by the company for the construction of their road, shall, if he claims damages for such appropriation, file with the company his claim therefor, &c.; that the company shall appoint disinterested men to ascertain and award such damages; and that if either party shall be dissatisfied, &c., such party may appeal to the proper Court, where the question may be determined by a jury. *Held*, that, as to persons resident in the state and not under disabilities, the provision in question is not inconsistent with section 21 of article 1 of the constitution.

Bill by the owner of land against the *New-Albany and Salem Railroad Company*, to enjoin the company from constructing their road through his land, on the ground that the company had not assessed or tendered to him his damages, &c. The bill did not aver that the plaintiff was not called upon by an agent of the company, for a release of the right of way, before the commencement of operations by the company upon the line of the road. *Held*, that it must therefore be presumed that the complainant was thus called upon, pursuant to the requirement of the charter.

The bill did not aver that the plaintiff had filed any claim with the company for damages. *Held*, that it must therefore be presumed that he had filed none.

Nov. Term, 1855.

THE NEW-ALBANY AND SALEM RAIL-ROAD CO. *v.* CONNELLY.

*Tuesday, November* 27.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—Bill in chancery to obtain an injunction. Demurrer to the bill overruled, and injunction granted. Appeal to this Court.

The bill was filed on the 24th of *February*, 1853, and alleges that the plaintiff, *Alexander Connelly*, was, and for five years had been, the owner in fee simple of a certain tract of improved land, and that he was in possession of it. It further alleges that the *New-Albany and Salem Railroad Company* had located their railroad across said piece of land, and commenced the construction of it; that the acts of the company threatened an injury to the plaintiff of 1,000 dollars; that the company had not paid or tendered any compensation for damages, &c.

The bill does not aver that the plaintiff was not called on by an agent of the company for a release of the right of way, prior to the commencement of operations upon the line by the company, and, hence, we take it that he was thus called upon, as the charter of the company requires that he should be.

The bill does not aver that the plaintiff had filed any claim with the company for damages, and, hence, we presume he had filed none.

The charter of the company was granted under the old constitution, but the road is being constructed under the new.

The facts of the case, then, are simply these. A proprietor has full knowledge of the steps taken by a railroad company to locate, with the intention of constructing, their road upon his land, and files no claim to be compensated for damages. The company volunteer no offer to make compensation, but proceed to build the road. The proprietor thereupon files his bill to enjoin, the Court grants his prayer, and arrests operations upon the proposed improvement; and the question is, should the Court, under such circumstances, grant an injunction?

VOL. VII.—3

Nov. Term,
1855.

THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.
v.
CONNELLY.

The answer to this question, it is supposed, depends upon that to be given to another, viz., whether the case is to be governed by the old constitution, under which the charter of the company was granted, or by the new, under which the work is being prosecuted. It is conceded that if the old constitution is to be applied, the bill must fail, because the party has not pursued a constitutional remedy provided by the charter; but it is insisted that if the new constitution is to govern the rights of the parties, this proceeding may be sustained, because the charter prescribes no mode consistent with the provisions of that constitution for the assessment of damages occasioned by the construction of the road. The difference claimed to exist between the two constitutions upon this point, is, that the new requires prepayment of compensation for property taken for public use, while the old did not. We here neither admit nor deny that such difference exists.

The charter of the *New-Albany and Salem Railroad Company* was continued in force by the new constitution, so far as not inconsistent with it. Schedule, clause first. Perhaps, indeed, it was not in the power of the constitutional convention to annul it. On this point we intimate no opinion. As we have said, the charter was continued in force, at all events, so far as consistent with the new constitution; and if, on examination, it shall be found that the provision it contains for the assessment of damages is consistent with that constitution, then it will be immaterial whether this case be classed under it or the old constitution, and no question need be made upon that point.

To be constitutional, that provision must afford a reasonably convenient opportunity to the proprietor to obtain compensation for the injury he may sustain in his property by the construction of the road. The provision is, in substance, that the proprietor shall file with the company his claim for damages; that the company shall appoint disinterested men to award them; and that, if either party is dissatisfied with the award, he may appeal to the proper Court, where the question may be determined by a jury.

We can not say, as applicable to the case before us, that this provision is not reasonably convenient. It has been regarded as being so where prepayment was not required, and we can not see that it is any less so where prepayment must be made, in a case where the proprietor has sufficient time to use the provision before his property is taken. Here the proprietor had all the time that elapsed between the location and the commencement upon his land of the construction of the road. Why did he not file his claim as the statute requires? Had he done so, and had the company failed to give time for its trial according to law before proceeding with their work, then, under the provision of the constitution requiring prepayment, the Court would have interfered and restrained them by injunction. It was well settled, under the former constitution, that where the statute pointed out a special constitutional mode for the assessment of damages, in cases like the present, none but that mode could be adopted to recover them. *Null et al.* v. *The White Water Valley Canal Company*, 4 Ind. R. 431. And the same rule must prevail under the present constitution.

There being, then, a valid statutory mode of procedure for the plaintiff in this bill to pursue, to recover his rights against the railroad company, he should have adopted it, and asked for an injunction only as incidental, if it became necessary, to the complete enjoyment of his statutory privilege. He has not done so, and has not placed himself in a situation to ask an injunction.

We should observe, to prevent misapprehension, that we do not mean to say that, in case of non-residents and persons under disability, the above-stated provision for assessing damages would be constitutional. As to them it might not give sufficient security. They could not be regarded as having voluntarily abandoned a right of which they were ignorant. But all difficulty on this point has been obviated by a provision in the 2 R. S. 1852, p. 193, ss. 706, 707, which authorizes these companies to take the initiative proceedings for the assessment of damages. Either party may now proceed as may be necessary.

So far as objection may be made to the provision under consideration for the assessment of damages, on account of its requiring the claim to be filed in the first instance with the company, an interested party, we will say, that we do not think it void, though it may be objectionable, on that account. The same provision, in substance, exists in the charter of the *White Water Valley Canal Company*, in the bill transferring the *Wabash and Erie Canal* to trustees, &c., and in the statute providing for filing claims against the several counties in the state. It has uniformly been treated as valid by this Court, as, in fact, a not very inconvenient mode of getting the cause, in a given instance, into the higher Courts. *Gaston* v. *The Board of Commissioners, &c.*, 3 Ind. 497.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the bill (1).

*J. A. Matson*, for the appellants.

*J. P. Usher*, for the appellee.

(1) The decrees rendered in the cases of *The New-Albany and Salem Railroad Company* v. *Mitchell*, and *The New-Albany and Salem Railroad Company* v. *Bain*, were reversed, on this day, for the reasons given in the foregoing opinion, the same questions having arisen in each case.