Nov. Term, 1861.

FLOURNOY
v.
THE CITY OF JEFFERSON-
VILLE.

———————

FLOURNOY and Another *v.* THE CITY OF JEFFERSONVILLE.

In the year 1854, the *City of Jeffersonville*, acting under the general law of 1852 for the incorporation of cities, contracted with one *C.*, to grade and gravel a street in said city. The work was performed by the contractor, and in the year 1860, a suit was brought in the name of the city, to recover an assessment against one of the property holders for said work.

*Held*, that the city was a mere nominal party, the contractor being the party beneficially interested, and hence a set-off against the city could not be allowed.

*Held*, also, that the suit could not be maintained, as the remedy for the collection of street assessments had been changed by the act of 1857, which was re-enacted in 1859, and is still the law.

*Held*, also, that the bringing of this action, though erroneous in form, will,

Nov. Term,
1861.

FLOURNOY
v.
THE CITY OF
JEFFERSON-
VILLE.

under 2 R. S., § 218, p. 77, save the claim of the plaintiff from the bar of the statute of limitations.

The remedy now given for the collection of assessments for the grading and graveling of streets, viz., by precept issued by the mayor and clerk, under the direction of the council, is constitutional.

The issuing of the precept is a ministerial act, and may be performed by any person upon whom the law may cast the duty ; the judicial determination of the case is had upon appeal.

Judicial acts, within the meaning of the Constitution, are such as are performed in the exercise of judicial power, and must, hence, be performed by a court, touching the rights of parties, or property, brought before it by voluntary appearance, or, by the prior action of ministerial officers.

A ministerial act is one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of of the act being done.

APPEAL from the *C'ark* Common Pleas.

PERKINS, J.—In 1854, the *City of Jeffersonville, Indiana,* acting under the general law of 1852 for the incorporation of cities, made a contract with *Calvin Cook,* for the grading and graveling of a street in said city. *Cook* performed the work stipulated in his contract, and an assessment for payment was made, but one of the property holders, before whose property grading was done, refused payment.

In 1860, the City instituted a suit in the Court of Common Pleas of *Clark* county, by filing a complaint against the original owner, and subsequent purchasers, to enforce payment of said assessment for the benefit of the contractor.

The amount sued for, was over three hundred dollars.

There was a demurrer to the complaint overruled.

The defendant answered to the whole of action cause, a set-off of about sixty dollars, as against the city.

This answer was bad, for two reasons: 1. The city was a mere nominal party; *Cook* was the beneficiary. 2. The answer purported to go to the whole cause of action, while it was a bar to but part.

Most of the other questions raised and discussed in the cause, are settled in *The City of Indianapolis* v. *Imberry, post* p. 175, and need not be noticed here.

There is another reason why we should not consider them. This suit can not be sustained. It was a mode of proceeding

prescribed by the charter of 1852, but that charter was repealed in 1857, except as to existing rights, and an entirely different mode of proceeding prescribed. The right, not the remedy, except where suits were pending, was saved in the repeal. The new remedy was re-enacted in 1859, and is probably still the law. Acts 1861, p. 32. Perhaps the amendments in these acts do not reach this part of the remedy.

The suit by the city to enforce the payment of a demand of a contractor, against a third person, the city not having first paid it, could not probably be maintained, simply by virtue of our code of pleading, which requires suits to be brought in the name of the party having the beneficial interest. No person had any contract with the property holders. The city enforced payment from them, not by virtue of a contract, but through statutory law; through the provision of the charter authorizing it, and only by that means, as the city was not liable, in any event, to the contractor for his pay, as against the property holders, and had no common law ground for a suit against them. The provision furnishing this special remedy having been repealed, and another remedy substituted by a new enactment, the former remedy fell, and the latter became the one to be adopted.

This resulted from the two established principles, that the Legislature may change, so it does not substantially impair legal remedies (*Maynes* v. *Moore*, 16 Ind. 116); and that where the Legislature creates by statute a right and an accompanying remedy, that remedy must be pursued, (see the cases cited in *Protzman* v. *The Indianapolis, &c.*, 9 Ind. 467,) and the common law remedy can not be. 1 Hilliard on Torts, first ed., p. 111.

It may be observed with propriety, here, that the suit prosecuted in this case, though erroneous in form, so that it cannot be maintained, will, nevertheless, save the claim of the plaintiff from the bar of the statute of limitations. Our statute enacts, (2 R. S., § 218, p. 77,) that "If after the commencement of an action, the plaintiff fail therein, from any cause except negligence in the prosecution, or the action abate, or be defeated, by the death of a party, or judgment be arrested or reversed on appeal, a new action may be

Nov. Term,
1861.

FLOURNOY
v.
THE CITY OF
JEFFERSON-
VILLE.
brought within five years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

A mistake as to the form of remedy, is not "negligence in the prosecution" of the suit, within the intent of the above section, according to the case of *McKinney* v. *Springer*, 3 Ind. 59.

The question is raised in the case at bar, and also in two other cases, *The City of Indianapolis* v. *Imberry*, and *The City of Logansport* v. *Blackmore, post*, 175, whether the new remedy provided for the collection of dues for street improvements, viz., by precept from the council, mayor and clerk of the city, is constitutional; and we will dispose of the question for all the cases, in this one.

We have been unable to put our finger upon any provision of the Constitution of *Indiana*, with which the provision of the statute prescribing the remedy in question conflicts. We lay down and indicate the following propositions, though involving some repetitions:

1. The provision, in substance, prescribes a mode of getting a cause into court; and it is not unconstitutional because it authorizes another officer than the clerk of the court to issue the first process, by which judicial proceedings are initiated. The Constitution does not give to the clerk the exclusive right to discharge any particular duty; but declares that he shall perform such as may be prescribed by law.  Art 6, § 6.

The issuing of the writ is a ministerial act, and may be performed by any person upon whom the law may cast the duty.  It issues upon an affidavit, as matter of course; and is as much a ministerial act as is the issuing of an attachment, or writ of replevin, by the clerk of the court upon affidavit, or of a summons upon a complaint, in court vacation.  It is quite analogous to the original writ, at common law, which issued in the king's name, under his great seal, directed to the sheriff of the county where the injury was alleged to have been committed, requiring him to command the defendant to satisfy the claim; and, on his failure to comply then to summon him to appear in some one of the Courts, the particular one being named, but not that from which the

writ issued, as it did not issue necessarily from a court, to account, &c. Steph. on Pl. 5. Here, the party, if he does not elect to satisfy the claim, may transfer his cause to a court by appeal, instead of by appearing to a summons.

The case is very like that of *Maynes* v. *Moore*, 16 Ind. 116, where the Auditor of State, as a ministerial officer, was authorized to issue the writ commanding satisfaction, but which, if the party did not see fit to obey, he could enjoin, and thus transfer his cause to a court by injunction, instead of by answering to a summons. A suit need not necessarily go into court by a writ from the clerk. *Gaston* v. *The Board of Commissioners, &c.*, 3 Ind. 497; *The Lake Erie, &c. Railroad, Co.* v. *Heath*, 9 *id.* 558.

2. The provision is not unconstitutional because it deprives a party of a right, without a judicial hearing and trial by jury. As in the *Maynes* case by injunction, expressly authorized by the statute as a part of the remedy, so here by appeal from the issue of the precept, the writ, the party can transfer his case to a judicial tribunal, and demand the right of trial by jury. The remedy is not an onerous, a burdensome one, even.

3. The provision is not unconstitutional because it imposes upon a ministerial officer the performance of a judicial act.

The issuing of the writ, as we have said, is a ministerial act, as much as the issuing of an attachment, or capias for the arrest of the body, upon an affidavit.

Judicial acts, within the meaning of the Constitution of *Indiana*, are such as are performed in the exercise of judicial power. But the judicial power of this State is vested in courts. A judicial act then, must be an act performed by a court, touching the rights of parties, or property, brought before it by voluntary appearance, or by the prior action of ministerial officers, in short, by ministerial acts. See *Waldo* v. *Wallace*, 12 Ind. 569, where the constitutional provisions are quoted. The acts done out of court, in bringing parties into court, are, as a general proposition, ministerial acts; those done by the court in session, in adjudicating between parties, or upon the rights of one in court *ex parte*, are judicial acts. 3 Blacks. Comm., p. 25.

Nov. Term,
1861.

FLOURNOY
v.
THE CITY OF
JEFFERSON-
VILLE.

And the act is none the less ministerial, because the person performing it, may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act. In *Betts* v. *Dimon*, 3 Conn. 107, where it was held that the administration of the poor debtor's oath was a ministerial, not a judicial act, *Hosmer*, C. J., in delivering the opinion of the Court said: "Every selectman, before the appointment of an overseer, and every sheriff, previous to taking bail, makes inquiry to aid him in the legal performance of his duty."

So in *Crane* v. *Camp*, 12 Conn. 463, it was held that a justice of the peace acted ministerially in appointing freeholders to assess damages sustained by taking land for a public highway, though it was necessary for him to make inquiry as to the fitness of the persons appointed.

A ministerial act may, perhaps, be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done.

4. The provision is not unconstitutional because it authorizes a ministerial act by which possession of property is taken before the right to it has been judicially determined. This is done in cases of attachment and replevin, without objection; and is a matter in the discretion of the legislative power, in creating remedies. It must not deprive a party of his property without a judicial hearing; but the stage of proceedings at which that hearing shall take place; the manner, in short, in which the cause of a party shall be got before the judicial tribunal, so it is not an unreasonably inconvenient and embarrassed one, is with the legislative power. *The New Albany, &c. Railroad Co.* v. *Connelly*, 7 Ind. 32. We think the remedy in the amended charter is not an unconstitutional one.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*John W. Ray, H. C. Newcomb,* and *J. Tarkington* for the appellant.

*J. F. Read,* for the appellee.