GRAHAM v. THE COLUMBUS AND INDIANAPOLIS CENTRAL RAIL-
WAY COMPANY and Others.

RAILROADS.—TAKING OF PRIVATE PROPERTY FOR PUBLIC USE.—REMEDY.—
Where a railroad corporation enters into possession of the lands of an
individual for the use of the road, without his consent, and without first
having had the damages assessed and tendered, he may maintain an
action to recover the possession of the land.

APPEAL from the *Wayne* Circuit Court.

FRAZER, J.—This was a suit to recover the possession of
three lots, in *Cambridge* city. Answer in two paragraphs:
1. General denial. 2. That the defendants are railroad cor-
porations, organized under the general law of this State,
and as such have built their respective roads; that it was
necessary to build a passenger depot at the intersection of
their roads; that they built such a depot on said lots, and now
use the same therefor, said lots being no more than is neces-
sary for that purpose, and for the track of one of the defend-
ants, the *Cincinnati and Indianapolis Junction R. R. Co.*, which
is laid on said lots; that no damages have been assessed or
paid for said appropriation, and that this is the possession
alleged in the complaint. A demurrer to the second para-
graph of the answer was overruled, and upon this arises
the only question in the case.

The constitution of the State provides that "no man's
property shall be taken by law without just compensation,
nor, except in case of the State, without such compensation
first assessed and tendered." Art. 1, § 21. The possession
of the lots in question was taken in defiance of this safe-
guard of the fundamental law. This, and nothing more, is
pleaded as a bar to the suit. Can such unlawful seizure of
property confer any right to hold possession of it? We
have held that the act of seizure will, in enforcement of the
constitution, be prevented by injunction. *Sidener* v. *The
Norristown, &c., Turnpike Co.*, 23 Ind. 623. But the taking by

a palpable act of usurpation, before the owner has had time or opportunity to invoke the restraining arm of the court, cannot confer a right to hold. If it be otherwise, then the constitution affords no adequate protection in such cases.

But, it is argued that the owner of property may waive his right to prior compensation. Undoubtedly, but no such waiver is shown by the answer, and, in the absence of an averment, we cannot presume it. This provision of the constitution is too plain to be misunderstood, and too just and wise to excuse any disposition on our part to permit it to be evaded or frittered away. As against a private corporation, it protects the citizen in the possession and ownership of his property until compensation for it shall be assessed and tendered, and the taking without the precedent conditions which authorize it is wholly without warrant of law, and confers no right whatever, and a possession so obtained is plainly unlawful, for which he has whatever remedy the law gives for an unlawful deprivation of his possession. In the case of lands, that remedy is a suit to recover the possession, a common law remedy for that wrong. The case is not one where a new right is created, and a particular remedy provided to secure it. The right to have damages assessed was not intended as an exclusive remedy for the taking of property without previous compensation. It is very inadequate to the purpose in many cases. It is well adapted to cases where the owner chooses to waive prior compensation, and is content to believe that the damages assessed will be paid when ascertained, or is content with such final process as the law gives for the collection of a judgment for money. It is his right to make this waiver. But the constitution cannot be satisfied with such action of the courts as will allow his property, against his will, to be first taken, and himself turned over to such vexatious litigation to obtain compensation, as he may meet afterwards. There must be superadded, in order to make the remedy at all efficient, an injunction to stay the taking until the damages shall be paid. But this is not provided for by statute. It is an

appeal to the extraordinary power of the court exercising equity jurisdiction. There are dicta of this court giving countenance to this means of protection. *Lafayette, &c., Plank Road Co.* v. *New Albany, &c., R. R. Co.*, 13 Ind. 90; *New Albany, &c., R. R. Co.* v. *Connelly,* 7 Ind. 32. But why require all this? It is not, in its most effective feature, a statutory remedy, and cannot, therefore, be exclusive, even if it be conceded that an adequate statutory remedy would be exclusive of every other. The proposition that all this must be done in order to obtain that security in the enjoyment of property which the constitution plainly secures, cannot be maintained upon any solid ground, and we cannot therefore approve it. It is indirect, slow and expensive, and when a plain and adequate direct remedy by ejectment exists, it may indeed admit of some question whether the injunction can be granted without disregarding well established rules, long respected by courts of equity. However this may be determined when the question shall arise, it seems to us that no such doubt can exist as to the remedy by ejectment, and but for some confusion resulting from a misapplication, to cases arising under the clause of the constitution as it now is, of doctrines which grew out of the power once existing, to take private property for such public use without first making compensation therefor, it would not have been deemed necessary to elaborate the question as we have thought it proper to do in this opinion. That cases decided under the old constitution are wholly inapplicable to the question before us, is too clear for controversy. Then a railroad company could lawfully take the property of the citizen before making compensation, if a fair mode of ascertaining and obtaining such compensation was provided, and to that remedy the citizen was confined, for the reason that no other existed. Now, however, compensation must precede the taking, unless waived. The legislature has no power to dispense with this condition precedent, and, indeed, has not attempted to do so. His remedy for a taking

without previous compensation is exactly what it would be if the unwarranted taking was not for public use. There can be no difference whatever.

*Green* v. *Boody*, 21 Ind. 10; *The Indiana Central Railway Co.* v. *Oakes*, 20 *id.* 9; *The New Albany and Salem R. R. Co.* v. *Connelly*, 7 *id.* 32; *The Lafayette Plank Road Co.* v. *The New Albany and Salem R. R. Co.*, 13 *id.* 90, and *Sidener* v. *The Norristown, &c., R. R. Co.*, 23 *id.* 623, are cited by the appellee. The last named case is strongly against the appellee, and it is there said, that "cases decided where compensation was not required to precede the taking, cannot be authority upon this question." We have now endeavored to show why they cannot be applicable either to that case or this. The other cases named, so far as they are variant from the opinion now given, must be overruled, because they do, inadvertently, apply doctrines thus shown to be inapplicable.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer.

*W. S. Ballenger*, for appellant.

*J. P. Siddall, J. B. Julian* and *J. F. Julian*, for appellees.