No. 10,367.

## RAY *v.* THE CITY OF JEFFERSONVILLE ET AL.

CITY.—*Constitutional Law.*—*Amendment of Statute.*—*Title of Act.*—*Description of.*—Section 2 of the act of April 14th, 1881 (Acts 1881, p. 392), which act is amendatory of a former act, is not unconstitutional because the title of such amendatory act substitutes the word "execute" for "exercise," in reciting the title of the former act, in the following context: "An act to amend sections eight and sixty-nine of an act entitled 'An act to repeal all general laws now in force for the incorporation of cities, * * prescribing their powers and rights, and the manner in which they shall *execute* the same,'" etc.

SAME.—*Assessment of Lands not Bordering on Street Improved.*—Said section 2 is not unconstitutional because it authorizes the assessment of lands not bordering on the street to be improved, the same being within fifty feet of such improvement.

SAME.—*Apportionment of Assessment by Engineer.*—*Right of Appeal.*—Said sec-

tion 2 is not open to the objection of cutting off all right of appeal from the apportionment of the assessment by the city engineer; section 71 of the act of March 14th, 1867, gives such appeal.

SAME.—*City Engineer.*—*Assessment by.*—*Ministerial Act.*—The assessment required to be made by the city engineer under said section 2 *is* a ministerial act which the Legislature had the power to impose on such officer, and it is not his act which deprives the lot-owner of his property in event of sale. *Smith* v. *Duncan,* 77 Ind. 92, distinguished.

SAME.—*Common Council.*—*Improvement of Streets.*—*Notice.*—Under section 65 of the act of March 14th, 1867, a street improvement may be ordered by a two-thirds vote of the common council, without a petition of the property-holders, nor is any notice of the assessment required.

SAME.—*Joint Contractors.*—*Death of One.*—*Precept.*—*Affidavit.*—Where the work in improving a street is completed by two joint contractors, and after the assessment is made one dies, a precept may issue thereafter in favor of both, and the affidavit to obtain such precept may be made by such survivor.

SAME.—*Constitutional Law.*—*Statute Construed.*—*Assessment of Benefits and Damages.*—The statute is not unconstitutional because it makes no provision for the assessment of benefits and damages occasioned by such improvements.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *J. K. Marsh,* for appellant.

*A. Dowling,* for appellees.

BICKNELL, C. C.—This was a suit by the appellant against the city of Jeffersonville and its treasurer, to prevent, by injunction, the sale of the appellant's land upon precepts for a street improvement.

Separate demurrers to the complaint for want of facts sufficient were sustained, judgment thereon was rendered for the defendants, and the plaintiff appealed.

The rulings upon the demurrers are the only errors assigned.

The complaint states that the plaintiff owns a tract of land fronting on Second street in said city, of the value of $3,000, and an adjoining lot of the value of $1,500, both of which are near a street in said city called Ohio avenue, but do not border thereon; that on the 26th of April, 1881, the common council of said city, without any petition there-

for, by a vote of two-thirds of its members, ordered Ohio avenue to be improved from the south line of Second street to the north line of Third street, and that the costs thereof should be a lien on the property, lots and parts of lots bordering, fronting, abutting and adjacent to said line of improvement, and that the owners thereof should be liable for their proportion of such costs in the ratio of the front lines of their lots to the whole improved line, to the depth of fifty feet, and that assessments therefor should be made against the owners of such property in the proportion of the fair cash value of each parcel, less the value of the improvements, to be determined by the city engineer; that in pursuance of said order a contract for said improvement was made with Lewis A. Terrell and Charles E. Clark, and the city caused the plaintiff's said lands to be assessed for said improvement $1,500, without the plaintiff's knowledge or consent, and without any notice to him, he not being a resident of said city; that for non-payment of such assessment the city has issued precepts, under which its said treasurer is about to sell plaintiff's said land. The complaint states six reasons why said land is not liable to assessment and sale. These reasons will be considered hereafter in the order in which they are stated.

The order to improve Ohio avenue was made under section 2 of the act of April 14th, 1881, Acts 1881, chap. 39, which took effect upon its passage, twelve days prior to the date of said order.

This act is entitled "An act to amend sections eight and sixty-nine of an act entitled 'An act to repeal all general laws now in force for the incorporation of cities, * * prescribing their powers and rights, and the manner in which they shall execute the same, and to regulate such other matters as properly pertain thereto,' approved March 14th, 1867, and to enlarge the powers of cities as to the construction of sewers." The said act of March 14th, 1867, provides two modes of street improvement, one by a vote of two-thirds of the common

council, without any petition therefor, and the other, upon the petition of the owners of two-thirds of the whole line of lots .and parts of lots bordering on the street.

The said 69th section of said act provided that in all contracts for the improvement of streets "the costs of any such improvement shall be estimated according to the whole length of the street or alley, or the part thereof to be improved, per running foot," and that "the owners of lots bordering on such streets or alleys, or the part thereof to be improved, shall be liable to the contractors for their proportion of the costs, in the ratio of the first line of the lots owned by them to the whole improved line." Under this section the city had no authority to assess any lot-owner unless his lot bordered on the street.

Section 2 of the act of April 14th, 1881, Acts 1881, p. 392, amends the foregoing section 69 by providing that owners of land, within fifty feet of the street, may be assessed whether their land borders on the street or not. The amendment is in the following words: "In making the assessments against such owners for the improvement, the ground shall be assessed across the ground fronting or immediately abutting on such improvement, back to the distance of fifty feet from such front line, whether such ground be subdivided by platting or conveyance, or in any other manner."

In the first place, the complaint claims that this amending section is void, because the title of the act of March 14th, 1881, supra, does not exactly repeat the title of the act of 1867, intended to be amended. But the only difference between the title of said act of 1867 and the title given in said amending act of 1881 is, that the latter contains all the words of the former except the word " exercise," for which it substitutes the word " execute." The difference between exercising a power and executing it can not be deemed a substantial variance. The act to be amended is so clearly indicated in the title of the amending act as to preclude any uncertainty or doubt.

In the second place, the complaint asserts that said amend-

ing section 2 of said act of 1881 is unconstitutional, because it authorizes the assessment of lots and lands not bordering on the streets to be improved, thus enforcing contribution from persons who have no right to petition for such improvement, and because the complaint avers that there is a strip of land along the whole front line of said improvement, between the west line of the plaintiff's said lands and the east line of Ohio avenue, which strip is owned by another party, who has paid all the assessments thereon.

The Legislature has the right to place the streets of a city under the control of its common council, and to authorize their improvement by the common council, and to declare in what manner the owners of lots receiving the benefit of such improvements shall contribute to the costs thereof. There is no violation of any constitutional provision or of natural justice in requiring that all lands within fifty feet back of a street improvement shall be assessed therefor. Such a provision is more equitable than the former law, under which a lot-owner could enjoy the benefit of a street improvement without paying for it, by simply conveying away a strip of his lot along the border of the street.

In the third place, the complaint asserts that said section 2 of the act of 1881, *supra*, is unconstitutional, " Because it vests the apportionment of the assessment for a street improvement in the arbitrary, despotic and final decision of an interested officer of such city, called the civil engineer, who fixes the appraisement without notice to the owner of the lands, for whom, in case of injustice, there is no remedy by appeal or otherwise."

Upon this subject the words of said section 2 are as follows:

"All assessments where the ground to be assessed is held by more than one owner, shall be in the proportion of the fair cash value of each parcel, * to be determined by the city engineer."

The complaint is not correct in stating that there is no appeal. Section 71 of the act of March 14th, 1867, *supra*, pro-

vides that notice shall be given of the issuing of the precept, and that any owner of lands aggrieved by the precept may, within 20 days after such notice, appeal therefrom, and that such appeal shall state all proceedings by the treasurer, and that upon the trial of the appeal the questions to be determined shall be, Were the proceedings, subsequent to the order, directing the work to be done and contracted for, regular? Was a contract made? Was the work done in whole or in part according to the contract? Was the estimate properly made? Here is a sufficient remedy by appeal. An enquiry into the regularity of the proceedings embraces the consideration of the engineer's assessment. The assessments, required by the Legislature in section 2 aforesaid, to be made by the engineer, where the ground to be assessed is held by more than one owner, are the ministerial acts of the engineer. They are required to be "in the proportion of the fair cash value of each parcel, less the value of the improvements." An act is none the less ministerial because the person performing it may have to satisfy himself of certain facts before his duty can be performed. *Flournoy* v. *City of Jeffersonville*, 17 Ind. 169, and cases there cited.

By section 27 of the act of March 14th, 1867, it is made the duty of the city engineer, to "prepare plans, specifications and estimates, when thereunto directed by the common council, of proposed public improvements, and shall superintend the opening of streets and the preservation of the true lines thereof, and perform all other duties appertaining to his office and directed by the common council." It was within the constitutional power of the Legislature to declare that the new assessments, authorized by section 2 aforesaid, should be made by such an officer. It is not his act in making the assessments which deprives the lot-owner of his property in case of a sale thereof for a failure to pay the assessment, but the property is taken by legally authorized proceedings, in the course of which its owner may have a fair trial and a determination of his rights by an appeal to a court of general juris-

diction. "The stage of proceedings at which that hearing shall take place; the manner, in short, in which the cause of a party shall be got before the judicial tribunal, so it is not an unreasonably inconvenient and embarrassed one, is with the legislative power." PERKINS, J., in *Flournoy* v. *City of Jeffersonville, supra.* New Albany, etc., R. R. Co. v. Connelly, 7 Ind. 32. The case of *Smith* v. *Duncan,* 77 Ind. 92, cited by appellant, which holds that certain powers granted by the Legislature to the city council can not by them be delegated to the engineer, is not in point here. The duty is expressly imposed upon the engineer by the Legislature, and the right of appeal from the precept sufficiently protects the rights of the property owner.

In the fourth place, the complaint claims that the proceedings were invalid because the improvement of Ohio avenue was not petitioned for by the owners of two-thirds of the whole line of the lots bordering on said street, but was ordered without any petition by a two-thirds vote of the common council, and because the assessment was made and ordered to be collected from the plaintiff without any notice to him thereof. But where an improvement is ordered by a two-thirds vote of council, under section 65 of the act of 1867, *supra,* no petition or notice of the application is required, nor is any notice of the assessment required. The complaint does not allege that the plaintiff was not duly notified of the precepts pursuant to section 71 of the act of 1867, *supra.*

In the fifth place, the complaint alleges that the precepts were illegal and void, because they were issued in favor of both contractors after the death of one of them, Charles E. Clark. It is not alleged that Clark died before the work was completed, nor before the assessment was made. A precept is, in some respects, analogous to an execution. If, after a judgment in favor of two, one of them dies, execution is issued in the name of both. *Carnahan* v. *Brown,* 6 Blackf. 93; 2 Saund. 50 a. Here, the work having been done by two upon a joint contract, the precepts were issued in the name of

both. The administrator of the deceased, in such a case, is not a necessary party to the precept. *Willson* v. *Nicholson*, 61 Ind. 241; *Nicklaus* v. *Dahn*, 63 Ind. 87.

The appellant contends that the affidavit required to be made by the contractor, under section 3165, R. S. 1881, in order to authorize the issuing of a precept, "must be made by both contractors, or by one at the request or on behalf of both," and that "as Clark was dead he could neither make a request or have an agent." But where such a contract for work is made jointly by two and they do the work jointly, the assessment is for the benefit of both, and they are entitled to a joint precept; and in such a case, upon the subsequent death of either, we think the affidavit to obtain such a precept may be made by the survivor.

In the sixth place, the complaint claims that the statute under which the improvement in question was ordered is unconstitutional and void, because it makes no provision for the assessment of benefits and damages occasioned by said improvement, and is in violation of section 21 of article 1 of the Constitution of Indiana.

That section of the Constitution is as follows: "No man's particular services shall be demanded without just compensation. No man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

But legislation, such as that here complained of, has been repeatedly held constitutional in Indiana and elsewhere. *Flournoy* v. *City of Jeffersonville, supra; New Albany, etc., R. R. Co.* v. *Connelly, supra; Palmer* v. *Stumph*, 29 Ind. 329; *People* v. *Mayor, etc.*, 4 N. Y. 419, and cases there cited.

The court below did not err in sustaining the demurrers to the complaint.

The judgment ought to be affirmed.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.