Bass *et al. v.* The City of Fort Wayne *et al.*

No. 11,990.

BASS ET AL. *v.* THE CITY OF FORT WAYNE ET AL.

MUNICIPAL CORPORATION.—*Eminent Domain.—Common Council.—Damages. —Commissioners.—Constitutional Law.*—Where the right of appeal is given, as it is in proceedings to establish a system of water-works, section 3266, R. S. 1881, a statute authorizing a municipal corporation to appoint commissioners to assess damages in proceedings under the right of eminent domain is constitutional, and is not an infringement on the right of a citizen to have his compensation assessed by impartial men chosen by disinterested parties.

SAME.—*Water-Works.—Proceedings to Establish.—Collateral Attack.*—Where, in a proceeding by a city to establish a system of water-works, there is jurisdiction and a right of appeal, defects or irregularities in the proceedings are not available in a collateral attack, unless the proceedings are wholly void.

SAME.—*Pipes.—Route.—Common Council.*—The question as to which is the most practicable and expedient route for the line of pipes is one exclusively for the common council, and its decision is not subject to review by the courts.

SAME.—*Highways.—Pipes Laid in.—Compensation for.*—The right of compensation for pipes laid in the highways upon which the property-owners' land abuts is triable on appeal, and injunction will not lie.

SAME.—*Condemnation of Property.—Injunction.*—If proceedings are instituted for the purpose of appropriating a specifically described parcel of property, an injunction will lie to restrain the city from appropriating property of an entirely different character from that specified in the proceedings.

SAME.—*Dam.—Water Supply.—City.—Mill-Owners.—Easement.*—The right of mill-owners in the pond of water created by the dam which they have constructed is a limited easement, not an absolute right to the water, and a city may take from it its supply of water so long as it does not interfere with the easement, the right to use the water in the propulsion of machinery.

SAME.—*Corpus of Water.—Owner of Fee.—Right of Injunction.*—When the *corpus* of the water is taken without authority or jurisdiction, no injury being done to the easement of the mill-owner, only the owner of the fee may maintain injunction.

SAME.—*Statute.—Construction of.*—A city, by merely taking water from a reservoir above a dam, does not *condemn* "any provision made for water" within the meaning of the prohibition of the statute (section 3266, R.

S. 1881), providing that "No artificial provision made for water by any person or corporation * * * shall be condemned without the consent of the owner."

From the Allen Circuit Court.

*J. Morris, C. H. Aldrich, J. M. Barrett, W. H. Coombs, R. C. Bell, S. R. Morris* and *R. S. Taylor,* for appellants.

*J. H. Colerick,* for appellees.

ELLIOTT, J.—The city of Fort Wayne, proceeding under the statutes of the State, established a system of water-works for the purpose of supplying the city and its citizens with water. The source from which water was first obtained proved unsatisfactory, and the city, by subsequent proceedings, extended its pipes to the St. Joseph river, and from that stream obtained the supply of water now used. The appellants have acquired an interest in the water of that river, and contend that the city has no right to take water from the pond created by a dam of which they are the owners. They assert that the proceedings of the municipal authorities are illegal, and they seek, by injunction, to restrain them. The trial court held their complaint bad. This introductory statement is sufficient to outline the general character of the controversy, and as each particular question is discussed we shall consider in detail the portions of the record which bear upon the respective questions.

The validity of the proceedings is assailed upon the ground that the statute under which the city assumed to proceed violates the Constitution, and is void. This position rests upon the assumption that a statute which authorizes a municipal corporation to appoint commissioners to assess damages in proceedings under the right of eminent domain infringes the right of a citizen to have his compensation assessed by impartial men, chosen by disinterested parties. We are satisfied that a property-owner has a right to have his damages assessed by disinterested persons, at some stage of the proceedings prior to a final judgment. *Bradley* v. *City of Frank-*

*fort*, 99 Ind. 417. But this does not fully meet the question, since the point here made is that the common council is not disinterested, and therefore could not be invested with power to appoint the commissioners. If the property of a citizen is demanded by a private corporation, the corporation can not be invested with the authority to select the commissioners in a case where there is no right of appeal; but here the corporation, invested with the authority to appoint, is a governmental one, and its officers are public officers charged with purely public duties. They have no private interests to subserve, and no benefit can accrue to them as individuals. Municipal corporations are governmental instrumentalities, and they are invested with delegated governmental powers. It is held that interest, as a taxpayer, will not disqualify; and public officers charged with a sworn public duty, although chosen by the voters of a city, can not justly be said to have any other private interest than that of taxpayers. *State* v. *Crane, 36 N. J. L.* 394; *City of Minneapolis* v. *Wilkin*, 30 Minn. 140. It is, therefore, doubtful whether the courts could hold a statute unconstitutional which gave the common council of a city the authority to appoint commissioners, even if no right of appeal were given. In such cases as this, however, the statute expressly gives the right of appeal. R. S., section 3266. We are far within the authorities in holding, as we do, that, where the right of appeal is given, a statute providing that commissioners may be appointed by the common council is not unconstitutional. The authorities establish the doctrine that the constitutional requirement is satisfied if an appeal is given and an opportunity is thus provided for trial by a duly constituted legal tribunal. *Maxwell* v. *Board, etc.*, 119 Ind. 20, and cases cited; *Weaver* v. *Templin*, 113 Ind. 298 (301); *Ray* v. *City of Jeffersonville*, 90 Ind. 567; *Flournoy* v. *City of Jeffersonville*, 17 Ind. 169 (79 Am. Dec. 468); *New Albany, etc., R. R. Co.* v. *Connelly*, 7 Ind. 32; *Lamb* v. *Lane*, 4 Ohio St. 167; *Cairo, etc., R. R.*

*Co.* v. *Trout,* 32 Ark. 17 ; *Hapgood* v. *Doherty,* 8 Gray, 373 ; *Flint River, etc., Co.* v. *Foster,* 5 Ga. 194.

The law invests the common council with general jurisdiction of the subject, and gives the property-owner a right of appeal. It is quite well settled that where there is jurisdiction and a right of appeal, defects or irregularities in the proceedings can not be made available in a collateral attack. *Jackson* v. *Smith,* 120 Ind. 520, and cases cited ; *Kleyla* v. *Haskett,* 112 Ind. 515 ; *Hume* v. *Little Flat Rock, etc., Ass'n,* 72 Ind. 499. It is also firmly settled that where there is an adequate legal remedy by appeal an injunction will not lie. *Marshall* v. *Gill,* 77 Ind. 402 ; *Sims* v. *City of Frankfort,* 79 Ind. 446 ; *Caskey* v. *City of Greensburgh,* 78 Ind. 233. The rule forbidding collateral attacks, where there is general jurisdiction of the subject, applies to cases where there is some notice, although the notice may be so defective as not to be sufficient to withstand a direct attack. *Montgomery* v. *Wasem,* 116 Ind. 343 ; *Otis* v. *DeBoer,* 116 Ind. 531 ; *Lake Shore, etc., R. W. Co.* v. *Cincinnati, etc., R. W. Co.,* 116 Ind. 578 ; *Hackett* v. *State,* 113 Ind. 532 ; *Kleyla* v. *Haskett, supra ; Muncey* v. *Joest,* 74 Ind. 409 ; *McAlpine* v. *Sweetser,* 76 Ind. 78 ; *Hume* v. *Conduitt,* 76 Ind. 598.

These familiar rules dispose of many of the questions discussed by counsel, since, under their operation, the appellants are precluded from maintaining an injunction unless they show that the proceedings are wholly void. Defects in petitions, resolutions, or notices can not be made available in a collateral attack, unless they are such as render the proceedings entirely void, and this result is possible only in cases where there is an entire want of authority. *Adams* v. *Harrington,* 114 Ind. 66 ; *Ely* v. *Board, etc.,* 112 Ind. 361.

The question which was the most practicable and expedient route for the line of pipes was one exclusively for the decision of the common council, as were all other questions of necessity and expediency. The decision of that body can not be reviewed by the courts, for it is almost an elementary

rule that where such questions are committed to the decision of inferior tribunals their judgment can not be reviewed. *Weaver* v. *Templin*, 113 Ind. 298, and authorities cited.

Whether the appellants were entitled to compensation for pipes laid in the highways upon which their land abutted was one to be tried on appeal. The right secured to them enabled them to try all questions concerning the compensation to be awarded them, and, not having availed themselves of the remedy given by law, they can not have that question tried in a suit for injunction.

If proceedings are instituted for the purpose of appropriating a specifically described parcel of property, the jurisdiction of the tribunal for the assessment of damages is limited and confined to that property. A municipal corporation having specifically described one parcel or one species of property, which it proposes to appropriate, can not appropriate another and entirely different parcel or species of property. If the petition, resolution and notice are such as to induce a man of reasonable prudence to understand that one parcel or kind of property only is to be taken, the tribunal would have no authority to order the appropriation of another and entirely different species or parcel of property from that indicated in the petition, resolution and notice. If, therefore, the appellants are right in their position that the city is seeking to appropriate property of an entirely different kind from that specified in the proceedings, then this appeal must be sustained.

The appellants are the owners of a mill, a dam and the usual mill privileges. The dam of which they are the owners has collected the water in a pond, or reservoir, and it is from this pond, or reservoir, that the city proposes to take the water. The collection of the water in the pond adds to its value to the city, inasmuch as it gives it a fall needed by the city to secure the necessary pressure, and this fall is due to the fact that the dam of the appellants has raised the water to an increased height of several feet above the nat-

ural level of the stream. The contention of counsel is that the water in the reservoir is thereby artificial provision and can not be taken or used.

The right which the appellants possess as mill owners is a mere easement; they did not acquire any property in the *corpus* of the water. Their right is the right to use the water for the propulsion of machinery, and it is nothing more. The law upon this question was well stated by Chief Justice GIBSON, in *Mayor, etc.,* v. *Commissioners, etc.,* 7 Pa. St. 348 : " Now," said he, " a grant of water-power is not a grant of the water for anything else than the propulsion of machinery; and it consequently does not exclude the use of it by any one else, in a way which does not injure or decrease the power. It is not a grant of property in the *corpus* of the water as a chattel." This general doctrine is recognized in the case of *Langsdale* v. *Geisendorff*, 69 Ind. 1, although the opinion is so confused as not to exhibit the point decided with any clearness or force. The opinion of Chief Justice Gibson, from which we have quoted, was delivered in a case where the claim to the water was asserted under a statute granting an exclusive privilege, and it, therefore, is a very strong illustration of the rule. The city was not, if the rule thus laid down is correct, and of this there can be no doubt, excluded from using the water, nor was the water itself the property of the appellants.

The right which the appellants acquired was a limited easement; it was not an absolute right to the water. This easement was to use so much water as was required for the purpose covered by their rights as mill-owners. The right to use the water is not a general and unlimited one; but it is, like all other easements, limited and confined to use by the dominant estate. An easement is always limited in extent, and is inseparably united to the dominant estate, and the moment the union is severed the easement is extinguished. *Moore* v. *Crose*, 43 Ind. 30; *Ackroyd* v. *Smith*, 10 C. B. 164; *Keppell* v. *Bailey*, 2 Myl. & K. 517 ; *Meek* v. *Brecken-*

*ridge*, 29 Ohio St. 642 ; *Taylor* v. *Hampton*, 4 McCord, 96 ; *White* v. *Crawford*, 10 Mass. 183. The appellants' rights, therefore, were confined to the use of the water for the purpose of the dominant estate, and the city in taking the water did not take the property of the appellants, for in the water they had no proprietary rights.

The fact that the dam of the appellants made the use of the water more advantageous to the city does not change the rule. If the appellants' easement was not taken they have no cause of complaint.

The appellants' counsel argue with much force and ability that the city had no power to take water from the pond where it was collected by the dam, because, as they assert, the statute prohibits a city from taking water collected in a body by artificial means. If it be true that the statute does prohibit the taking of water from mill-ponds, then the contention of the appellants must prevail, for there can be no authority to take what the statute forbids. But it is essential to the validity of the conclusion deduced that it should be proved that the statute does prohibit the taking of water from a mill-pond.

The statute upon which the argument is built reads thus : " No artificial provision made for water by any person or corporation, or owned by any person, association, or body, shall be used or condemned without the consent of the owner." It is quite doubtful whether this provision was not intended to simply prohibit the seizure of water secured by waterworks companies, for the context indicates that the Legislature did not mean that it should apply to mill privileges, but, waiving this question, we, place our decision on other grounds.

The city did not by taking water from the reservoir above the dam condemn " any provision made for water," for it simply took the water. It took no part of the dam or any of its appurtenances ; all it took was the water itself. As we have seen, the appellants were not the owners of the

water; they had nothing more than the naked right to use it for propelling the mill.   In a strict sense, water in our streams does not belong to any one proprietor, since all who own land traversed by a stream have a right to its use.   The water in the St. Joseph river certainly did not belong to the appellants.

The right to store the water in the pond was not touched, nor was the right to maintain the dam or to enjoy any of the privileges connected with it seized by the city.   It took, it is true, the water from the stream, the appellants did not, however, put it there, although they did by their dam collect it in a pond, but by thus collecting it they acquired no property in the body of the water itself.   The artificial provision made by them did not embrace the water, and as the water only was taken no artificial " provision made for water " was condemned.   It can not be justly asserted that where the water only is taken, so, also, is the artificial provision made for it by mill-owners.

The increased height of the water due to the existence of the dam was not an artificial " provision made for water," for it was nothing more than an artificial provision made for the use of the water.   The water was not collected in the reservoir as " a provision " for the water itself, but as " a provision " for the use of the water for propelling the machinery of the mill.   The appellants made " no provision " for the water itself; they could make none, for their sole right was to the use of the water for a designated and limited purpose.

The statute does not apply to water collected in an artificial pond by a dam constructed by mill-owners for the use of mills, nor can it be made to apply to such cases without breaking down the distinction between the ownership of the water itself and the ownership of the right to use it for mill purposes.

In so far as the owner of the fee of land covered by the water of a flowing stream can be the owner of the water of the stream, his rights are subject only to the easement of the

mill-owner, and for wrongfully taking the *corpus* of the water it is the former only who can complain, except where the taking materially impairs the easement. *Pennsylvania R. R. Co.* v. *Miller*, 112 Pa. St. 34; *Shamleffer* v. *Council Grove Mill Co.*, 18 Kansas, 24; *Stevens* v. *Kelley*, 78 Me. 445 (57 Am. Rep. 813); *Larimer, etc., Co.* v. *People*, 8 Col. 614; *Smith* v. *City of Rochester*, 92 N. Y. 463 (44 Am. Rep. 393). If, therefore, the body of the water is taken, and no injury is done to the easement of the mill-owner, it is the owner of the fee whose rights are invaded, and he alone can maintain injunction where there is no authority or jurisdiction to take the water. *Wattier* v. *Miller*, 11 Oregon, 329. In so far as concerns the rights of the appellants there was general jurisdiction over their persons, and over the property they owned. The resolution in the case before us, and the accompanying map, show that it was proposed to condemn all the property rights of the appellants, for the language of the resolution is that the commissioners shall " assess the damages to the owners of any lands, lots, water-rights, easements, pools, lakes, and natural streams so taken and condemned for said waterworks." This was an assumption of authority over the whole of the property owned by the appellants, and an assertion of the right and purpose to appropriate every species of property rights of which they were the owners; so that, if it be conceded that the proceedings were not sufficient as against the owners to authorize the city to appropriate the *corpus* of the water, still the appellants are not the parties entitled to an injunction. So, too, as we have, in substance, already said, if all the damages were not included, either because some of the property rights of the appellants were not considered by the commissioners, or because those rights were not properly valued, their remedy was by appeal.

Judgment affirmed.

Filed Jan. 9, 1890.