RACEWAY PARK, INC., Appellant,

v.

OHIO STATE RACING COMMISSION, Appellee.

[Cite as *Raceway Park, Inc. v. Ohio State Racing Comm.,*
150 Ohio App.3d 702, 2002-Ohio-6838.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–343.

Decided Dec. 12, 2002.

Jack M. Lenavitt, L.P.A., Jack M. Lenavitt and Joseph A. Battani, for appellant.

Betty D. Montgomery, Attorney General, and Thomas J. Rocco, Assistant Attorney General, for appellee.

LAZARUS, Judge.

{¶ 1} Appellant, Raceway Park, Inc., appeals from a February 20, 2002 decision and judgment entry of the Franklin County Court of Common Pleas. The court dismissed appellant's administrative appeal from an order of appellee, Ohio State Racing Commission, denying Raceway Park's request to include debt service as part of a tax-abatement application for capital improvements made at its racing facility. For the reasons that follow, we affirm.

{¶ 2} Raceway Park is a standardbred horse-racing facility in Toledo, Ohio, that conducts racing activities under the direction and control of the Racing Commission. In 1998, Raceway Park sought a minor tax abatement, pursuant to R.C. 3769.08, for $61,875 in interest costs incurred in connection with minor capital improvements that were made at Raceway Park. (Tax Reduction Application No. 1988–TM–1.) As part of a settlement agreement involving several disputed matters, the parties agreed to obtain an opinion from the Ohio Attorney General as to whether debt service could be included as part of a tax abatement provided to racetracks. The settlement agreement was silent as to whether the parties agreed to be bound by the Attorney General opinion.

{¶ 3} On September 20, 2000, the Attorney General issued a formal opinion concluding that the Racing Commission was not authorized to include debt service as part of the approved and certified cost to which a minor tax abatement applies under R.C. 3769.08(J). Ohio Attorney General Opinion 2000–038. Upon receiving the opinion, Raceway Park requested that the Racing Commission issue a final order on the matter.

{¶ 4} On January 18, 2001, the Racing Commission voted unanimously to deny Raceway Park's request to include debt service in the tax-reduction application at issue. On January 29, 2001, the executive director of the Racing Commission wrote to the general manager of Raceway Park informing him that Raceway Park would not be permitted to include debt service as part of the approved and certified costs for the minor tax abatement.

{¶ 5} Raceway Park appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court sua sponte dismissed the appeal, finding that there was no provision in R.C. 3769.08 for an appeal from a denial such as was done in this case. The common pleas court also found that an

appeal pursuant to R.C. 119.12 was not appropriate, as there was no administrative hearing held.

{¶ 6} Raceway Park appealed to this court, assigning as error the following:

{¶ 7} "1. The Lower Court erred in dismissing the R.C. 119.12 appeal of Raceway Park from a decision of the Ohio State Racing Commission denying a minor tax abatement pursuant to R.C. 3769.08 for $61,875.00 in interest costs incurred as a result of certain minor capital improvements that were made at Raceway.

{¶ 8} "2. The Lower Court erred in failing to apply well respected principles of statutory construction to interpret the language of R.C. 3769.08(J)(1) to construe debt service as an element of cost as applied by General Accepted Accounting Principles (GAAP).

{¶ 9} "3. The Lower Court erred in failing to apply the recent enactment of the Ohio Legislature as set forth in R.C. 3769.08(J)(4)(c)."

{¶ 10} In its first assignment of error, Raceway Park characterizes the decision of the Racing Commission to deny a portion of the application as an adjudicative decision. Raceway Park then concludes that it is entitled to appeal the administrative decision pursuant to R.C. 119.12.

{¶ 11} R.C. 119.12 provides that "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication * * * may appeal from the order of the agency."

{¶ 12} R.C. 119.01(D) defines "adjudication" as follows:

{¶ 13} " * * * [T]he determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

{¶ 14} This court has stated that "[a]t its heart, an adjudication is simply a quasi-judicial proceeding, requiring that the affected parties be given notice, a hearing and an opportunity to be heard." *Johnson v. Columbiana Cty. Auditor* (Mar. 12, 2002), Franklin App. No. 01AP–424, 2002 WL 383969.

{¶ 15} Further, the Supreme Court of Ohio has defined a "ministerial act" in *Boys Town, Inc. v. Brown* (1982), 69 Ohio St.2d 1, 4–5, 23 O.O.3d 1, 429 N.E.2d 1171, as follows:

{¶ 16} "A ministerial act has been defined as an act ' "* * * which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done." ' *State ex rel. Trauger v. Nash* (1902),

66 Ohio St. 612, 618 [64 N.E. 558], citing *Flournoy v. Jeffersonville* [1861], 17 Ind. 169 [1861 WL 2809]."

{¶ 17} Therefore, this court must determine whether the Racing Commission's denial of Raceway Park's request to include debt service as part of the costs incurred in connection with a minor tax abatement, pursuant to R.C. 3769.08, constituted a ministerial act from which no appeal lies or whether it was an adjudication from which Raceway Park may appeal.

{¶ 18} The version of R.C. 3769.08(J) in effect at the time the Racing Commission made its determination stated:

{¶ 19} "To encourage the improvement of racing facilities for the benefit of the public, breeders, and horse owners, and to increase the revenue to the state from the increase in pari-mutuel wagering resulting from such improvements, the taxes paid by a permit holder to the state as provided for in this chapter shall be reduced by three-fourths of one per cent of the total amount wagered for those permit holders who make capital improvements to existing race tracks or construct new race tracks." 1997 Sub.H.B. No. 117, 147 Ohio Laws, Part I, 372; see current R.C. 3769.08(J)(1).

{¶ 20} The statute further stated:

{¶ 21} "The cost and expenses to which a tax reduction applies shall be determined by generally accepted accounting principles and verified by an audit * * *." 147 Ohio Laws, Part I, 375; see current R.C. 3769.08(J)(6).

{¶ 22} The Racing Commission, in making its decision not to include debt service as part of the costs to which a tax reduction applies, acted at a regular meeting and chose to follow the opinion of its legal counsel, the Ohio Attorney General. Thus, in denying Raceway Park's request, the Racing Commission merely applied the statute as interpreted by the Ohio Attorney General.[1] The Racing Commission did not conduct an administrative hearing, take any evidence, or make any factual determinations. Thus, we conclude that the decision of the Racing Commission was a ministerial act from which an appeal pursuant to R.C. 119.12 does not lie.

{¶ 23} While not determinative, further support for our conclusion is found in R.C. 3769.20, which deals with major tax abatements for permit holders who carry out a major capital improvement, defined as one costing at least $6 million. In enacting legislation dealing with major tax abatements, the Ohio General Assembly stated that "[a]ny action taken by the commission pursuant to this

---

1. In researching the history of tax-abatement statutes, the attorney general's opinion noted that the Racing Commission had consistently excluded any debt service from the amounts for which minor tax abatements were granted. 2002 Ohio Atty.Gen.Ops. No. 038, at 3–4.

section in terminating the tax adjustment or requiring repayment of the amount of tax reduced shall be subject to Chapter 119. of the Revised Code." R.C. 3769.20(B). The absence of similar language in the minor-tax-abatement statute leads to the inference that the legislature did not intend to include actions taken on minor tax abatements to be subject to judicial review under R.C. 119.12 of the Administrative Procedure Act. Therefore, the trial court did not err in dismissing Raceway Park's appeal.

{¶ 24} Because the appeal was properly dismissed, we do not reach Raceway Park's second and third assignments of error dealing with the interpretation of the statute and recent legislative changes to the statute.

{¶ 25} Based on the foregoing, Raceway Park's first assignment of error is overruled, the remaining assignments of error are overruled as moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BOWMAN and KLATT, JJ., concur.